. J. J. KILPATRICK, JR., V. THE STATE.

No. 4160. Decided November 1, 1916.

**1.—Murder—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder, the evidence did not raise the issue of provoking a difficulty, a charge thereon was reversible error.

**2.—Same—Counter Proposition—Rule Stated.**

Where the question of provoking a difficulty vel non is in the case, and the court charges thereon, a counter proposition to this for the defendant should be given; as provoking a difficulty is never in the case, except where self-defense is also an issue.

**3.—Same—Charge of Court—Arrest—Right of Officer.**

Where, upon trial of murder, the evidence raised the issue of defendant's right as an officer to make arrests, the jury should have been told under what circumstances defendant would be authorized to make an arrest, where the matters all occurred near him and in his presence.

**4.—Same—Evidence—Impeaching Witnesses—Telegram.**

Where, upon trial of murder, it became important to introduce in evidence a certain telegram which the State's witnesses had signed, in which they stated that the deceased was killed by a Mexican instead of the defendant, the court should have granted an order requiring the production of said telegram.

Appeal from the District Court of Presidio. Tried below before the Hon. P. R. Price.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Mead* and *H. H. Kilpatrick,* for appellant.—On question of provoking difficulty: Casner v. State, 43 Texas Crim. Rep., 12, 62 S. W. Rep., 914; Burnett v. State, 100 S. W. Rep., 381; McCandless v. State, 42 Texas Crim. Rep., 58; Gaines v. State, 127 S. W. Rep., 181.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was allotted ten years confinement in the penitentiary for murder.

There are two theories in direct conflict as to the killing and the immediate facts. This killing occurred at Candelaria in what is known as the "Big Bend country," about sixty miles from Marfa, near the Rio Grande River. In this little village, among other things, is a store, postoffice, saloon and pool hall. The father of appellant lived in the little town, as did appellant, but appellant spent most of his time on his father's ranch, some miles out in the country. On the evening preceding the killing at night appellant came in from his father's ranch to spend the night at his father's house. After supper, about half after eight or nine o'clock, appellant, who was constable of that precinct, walked down to the pool hall. In this hall were four soldiers and a number of Mexicans. Three of the soldiers and one of the Mexicans were playing a game of pool. Quite a number of them were drinking. One of the soldiers, whose name was Kemp, but who was not engaged in the game of pool, was decidedly intoxicated. The State's case is made mainly by the evidence of two of the soldiers, Hodges and Hardy, Kemp not being used as a witness. They both were engaged in the game of pool, and testified that as appellant entered the pool hall he came with his pistol drawn and exclaimed, "Hey, hey!" and began shooting, killing one of the soldiers, whose name was Keyser.

Appellant's evidence, through several witnesses, was to the effect that when he went into the pool hall he took a seat on a bench which was by the side of the wall, and had been sitting there something like twenty minutes observing the game and had not spoken to anyone. While sitting there the soldier Kemp drew his pistol and chased one or more of the Mexicans out of the pool hall, into the street; that he was boisterous and used vicious and violent language, and when he came back into the hall he passed appellant or went where he was and cursed him, using the same character of boisterous language. Appellant, as Kemp turned towards the pool table and went around one end of it, got up and went to him and admonished him that he must keep quiet and cease his disturbances; that as he said that Kemp fired at him, and that appellant immediately returned the fire, firing three shots. None of these struck Kemp, but one or two of them struck the soldier Keyser, killing him. The killing of Keyser was claimed to have been accidental. The shots fired at Kemp and not Keyser. As before stated, appellant was constable of that precinct. This is a sufficient statement to bring in review the charge of the court with reference to provoking a difficulty.

We are of opinion that these facts do not suggest or raise the question of provoking a difficulty. It can not be claimed or asserted that if the State's theory is right, that appellant provoked the difficulty, for under that theory he came in the pool hall with his pistol drawn, and after making the exclamation imputed to him, began shooting, Keyser being killed. It would be useless to discuss the question of

provoking a difficulty under that state of facts. The theory of the defendant certainly does not present that issue. If a difficulty was provoked at all, it was by Kemp, who, with a drawn pistol, chased a Mexican out of the house, and returning abused appellant, whereupon appellant admonished him to keep quiet he fired upon appellant. It would be of no use or benefit to discuss this question. From no viewpoint of this record is provoking a difficulty in the case. If upon another trial the facts are developed as they come in this record, the court will not charge upon this proposition of the law.

There is another counter proposition growing out of this presented by appellant, which was declined by the court, that is, where the question of provoking a difficulty vel non is in the case, that having charged provoking a difficulty for the State, a counter proposition to this for the defendant should have been given. It is unnecessary to discuss that question here, because provoking a difficulty is not shown; but wherever that question is in the case and it forms an issue, the defendant is always entitled to an affirmative charge presenting the counter proposition to that given for the State. Provoking a difficulty is used where self-defense is an issue to eliminate appellant's theory of the difficulty on that issue. The general proposition may be again stated and asserted that provoking a difficulty is never in the case except where self-defense is also an issue.

The court in a general way submitted the question of the right of appellant as an officer to arrest Kemp, and his right to resist an attempt made by Kemp to kill or inflict serious bodily injury upon him. The charge was rather general. Appellant asked a special instruction submitting this theory affirmatively applicable to the facts in which was embodied the acts and conduct of which Kemp was guilty at the time of the difficulty, for which the appellant was authorized or required to arrest him. The court's charge, as before stated, was general; that asked by appellant and refused by the court specially pointed out the legal reason why appellant was authorized to arrest Kemp: First, Kemp had made several assaults upon persons present by pointing his pistol at them in a threatening manner; second, displaying a pistol in a public place, same being a deadly weapon; third, by cursing and abusing persons in appellant's presence in a manner reasonably calculated to provoke a breach of the peace, and, fourth, by using obscene language, cursing and swearing in a public place in a manner reasonably calculated to disturb the inhabitants of such place. We are of opinion that upon another trial, with reference to the right of an officer to arrest under the facts of this case, the jury should be told under what circumstances appellant would be authorized to make an arrest. These matters here all occurred in his presence and within a few feet of him. The law imposes the duty upon him to arrest a party under such circumstances, and to use all necessary means to accomplish that in case of resistance. It is not here intended to discuss these matters at length. Upon another trial there should be an instruction given

the jury to the effect that under these circumstances appellant would have a right to make the arrest.

There is another question which should cause a reversal of this judgment. Hodges and Hardy testified for the State as herein before mentioned. On the night just after the killing they, together with Sergeant Kraft and perhaps one or two others, signed a statement, which was sent in a telegram to army headquarters at Marfa, in which said telegram they stated 'that Keyser was killed by a Mexican. On the trial they testified that Keyser was killed by the appellant. The bill is quite lengthy. A copy of this telegram was in possession of the district attorney, who refused to let appellant's counsel read it, on the ground that it was his private paper. The telegraph officer was served with a subpoena duces tecum and brought the telegram in court. He refused to produce the paper or let appellant's counsel have it on the ground that he was interdicted by the War Department from giving out the contents or testifying about it without an order of court, and the court refused to give the order. These matters are all certified. The court should have granted this order and required the production of the telegram. It was directly contradictory of the testimony of the two soldiers, and to say the least of it, it was impeaching. Upon another trial this testimony will be admitted.

There are other matters in the record, but from what has been said will hardly arise upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*