### J. J. Kirpatrick, Jr., v. The State.

#### No. 5064.  Decided April 16, 1919.

**1.—Manslaughter—Practice in District Court—Bill of Exceptions.**

It is permissible under the practice in this court for an appellant to take his bill of exceptions to the trial court's action in modifying, qualifying,, or explaining a bill prepared by appellant and presented to the trial court, such bill conforming substantially to the requirements of bills of exception generally.

**2.—Manslaughter—Bill of Exceptions—Qualifications—Practice in District Court.**

Bills of exception should be presented to opposite counsel for agreement thereof, and to the judge for approval or rejection, and while the judge may make suggestions to attorneys of corrections and so forth, yet he has no au-

thority to approve a bill of exceptions, and without agreement of the attorney presenting it, to qualify the same with any character of explanation; and if he does, the attorney has the right to reserve his bill of exceptions thereto.

### 3.—Same—Bill of Exceptions—Case Stated—Practice on Appeal.

Where the court below materially qualified the bill of exceptions without presenting same to defendant's attorney or giving him opportunity to file his exceptions thereto, and the trial court had ample time before adjournment of his court to make these corrections and call the attorney's attention thereto, but the original bill of exceptions was not filed until the last day before adjournment, when defendant filed his bill of exceptions to the court's action, this court will pass upon and review the original bill of exceptions.

### 4.—Same—Motion for New Trial—Misconduct of Jury—Bill of Exceptions.

Where the trial court informed counsel for defendant that it. was his invariable rule to require all motions for new trial which set up as ground thereof misconduct of the jury to be filed within two days after the rendition of the verdict, to which counsel assented, but the record showed that the counsel offered testimony in justification for not having filed his motion for new trial setting up misconduct of the jury within the two days, the court should have heard the testimony and should have heard said motion for good cause shown, and sustained the same where such misconduct of the jury was shown, and the court's refusal to do so is reversible error.

### 4.—Same—Evidence—Copy of Telegram—District Attorney.

In the absence of a predicate for secondary evidence, there was no error in the Court's refusal to compel the district attorney to deliver a purported copy of a certain telegram to counsel for defendant.

Appeal from the District Court of Pecos County. Tried below before the Hon. James Cornell, judge.

Appeal from a conviction of manslaughter; five years imprisonment in the state penitentiary.

The opinion states the case.

*C. E. Mead, J. R. Hill, Hawell Johnson* and *H. O. Metcalfe*, for appellant:—On question of jury considering evidence dehors the record: McDougal v. State, 81 Texas Crim. Rep., 179, 194 S. W. Rep., 944; Weber v. State, 78 Texas Crim. Rep., 253, 181 S. W. Rep., 459; Derrick v. State, 80 Texas Crim Rep., 10, 187 S. W. Rep., 759; Lankster v. State, 43 Texas Crim. Rep., 298; Mitchell v. State, 36 id., 278.

On question of jury's misconduct in discussing defendant's failure to testify: Stone v. State, 79 Texas Crim. Rep., 219, 184 S. W. Rep., 193; Jones v. State, 72 Texas Crim. Rep., 496, 162 S. W. Rep., 1142; Portwood v. State, 71 Texas Crim. Rep., 447, 160 S. W. Rep., 345; Huddleston v. State, 70 Texas Crim. Rep., 260, 156 S. W. Rep., 1168; Fry v. State, 78 Texas Crim. Rep., 435, 182 S. W. Rep., 331; Walling v. State, 59 Texas Crim. Rep., 279, 128 S. W. Rep., 624; Mizell v. State, 81 Texas Crim. Rep., 241, 197 S. W. Rep., 300.

On question of considering motion for new trial: Sessions v.

State, 81 Texas Crim. Rep., 424, 197 S. W. Rep., 718;   Banks v. State, 79 Texas Crim. Rep., 508, 186 S. E. Rep., 840;   Alvorado v. State, 202 S. W. Rep., 322.

On question of refusing copy of telegram: Logan v. State, 53 S. W. Rep., 694; Farr v. State, 194 S. W. Rep., 395.

*E. B. Hendricks*, Assistant Attorney General, for   State.

LATTIMORE, JUDGE.—This is the second appeal in this case, see 80 Texas Crim. Rep., 391. On this trial appellant was convicted of manslaughter and his punishment   fixed at   five years   imprisonment. The facts sufficiently appear from the opinion.

A verdict of guilty was returned on December 22, 1917, in the afternoon. At once upon its reception the court informed counsel for appellant that they might prepare and present their motion for new trial at any time prior to the adjournment of his court but that it was his invariable rule to require all motions for new trials which set up as grounds thereof, misconduct of the jury, to be filed within two days after the rendition of the verdict, and that they should govern themselves accordingly in this case. To this the attorneys for appellant assented. The court also notified them at this time that he would be back in Fort Stockton, where the trial was had, on January 5th, and would hear their motion if they were ready at that time. The case had been transferred to Pecos County on charge of venue from Presidio County and the appellant was represented on his trial by three attorneys; his leading counsel lived at Marfa in Presidio County, and his other attorneys lived, one at Alpine in Brewster County and one at Fort Stockton where, as stated, the case was tried. The judge of the trial court seems to live at Sonora in Sutton County, all of which places are separated by distances ranging from thirty to one hundred miles. The verdict was returned on Saturday afternoon and as the jurors had been away from home and in attendance on court for sometime, as soon as they were discharged they separated and each went his way, some of them to homes shown to be many miles distant in the country. It is also shown that the weather was inclement. The next day was Sunday and the day following, Christmas Eve which is referred to in the statement made and filed by the attorneys for the appellant. No motion for new trial was in fact filed until January 5, 1918. When the motion was presented to the court it was seen that paragraphs ten and twenty-three B thereof set up misconduct of the jury in various ways. The affidavits of a number of said jurors accompanied the motion and profert was made in said motion of evidence to show why such motion alleging misconduct had not been filed within two days after the return of the verdict, and also supporting the allegations of misconduct on the   part of the jury. When the court

found that the allegations of misconduct of the jury were in said motion, he declined to hear or consider the same because not filed within two days, and when counsel for the appellant offered other testimony to show cause why they had been unable to procure evidence of misconduct to enable them to set up that ground in their motion within two days the court declined to hear such testimony, and entered his order reciting that the court did not sanction or permit the filing of said motion nor ratify the same nor consider said motion at all, to which action of the court the appellant excepted and also gave notice of appeal to this court, praying that notice of such action be entered on the minutes which was done and no other order overruling any motion for new trial was made. Said motion for new trial contained many other grounds besides misconduct of the jury.

To all of this action of the court appellant prepared his bill of exception setting forth at length therein the cause which prevented the filing of said motion within two days; setting up fully the evidence offered in proof thereof, and also that offered in support of the allegations of misconduct on the part of the jury. Being of opinion that such bills should be filed during the term, which expired by operation of law on January 26, 1918, appellant prepared said bill and presented it to the trial court on January 19, 1918, or one week before the expiration of the term. It is shown that the court did not then approve the said bill or suggest any errors in same, but took said bill with him stating to appellant's counsel that he would probably re-write it and file one of his own. On January 21st appellant's counsel communicated by wire through another attorney with said trial judge at San Angelo relative to said bill and received a telegram in reply in substance stating that the judge would file a bill at Fort Stockton in time for appellant's counsel to examine the same before the adjournment of court   On Thursday, January 24th, the appellant's leading counsel at Marfa received a wire sent by the court at San Angelo, saying that he had just dictated a bill very different from the one presented by counsel, and that this bill would be sent to Fort Stockton by Friday's mail and be open for counsel's inspection on Saturday, the 26th, and that the same would then be filed by the district clerk "unless you tell him not to do so." On Saturday morning, January 26th, counsel arrived at Fort Stockton from Marfa, went to the clerk's office and found a bill which they declined to accept. or agree to. They seem to have made efforts to locate the court by telephone at San Angelo, Sonora and other places but were unable to do so; their purpose being to try to have a proper bill of exceptions prepared and filed. The bill so prepared was filed on Saturday, the 26th, appellant's counsel filing their objections thereto on the same date.

It is permissible under the practice in this court for an appel-

lant to take his bill of exceptions to the trial court's action in
modifying, qualifying or explaining a bill prepared by appellant
and presented to the court, but in such case the bill so taken
by an appellant should conform substantially to the requirements
of bills of exceptions generally; that is, it should clearly present
to this court the bill as originally offered; the objectionable action
of the trial court relative thereto; and the reasons why such action
is deemed objectionable by the appellant; and this bill in this shape
should be presented to the trial court and approved by him, or if
not by the court, then by other persons cognizant of the facts, and
occupying the relation thereto substantially of bystanders.

Many complaints are made in this court that the trial courts
make explanations and qualifications which nullify and render
useless the bills as taken in the trial courts. Such should not be
the case. Our statute provides for the taking of bills of exceptions
for the preservation of errors so clearly that it would seem there
would be no misunderstanding about the same. Such bills, when
taken, should be presented to opposite counsel for agreement
thereto and to the judge for his approval or rejection, and it is
plainly provided that when presented to the court he may make
suggestions to such attorneys of such corrections, if any, as the
court may deem proper, but we do not find authority in the statute
anywhere for any such action of a trial court as the approval of a
bill of exceptions tendered by trial lawyer, qualifying same with
any character of explanation, unless this course of conduct is
agreed to by such trial lawyer. The statutory practice and the only
proper practice in such case of refusal of the trial lawyer to agree
to the suggested corrections of the trial court, is for the court to
mark such bill refused, and returned the same to such trial lawyer
and the court should then proceed to prepare and file what to the
court appears a fair bill presenting the errors complained of and
the trial lawyer may then proceed to have his bill authenticated
by bystanders in manner and form as suggested by statute in such
cases, and the duty will then devolve upon this court to settle
the controversy. The course pursued in the instant case was so
at variance with our views as to lead us to hold that the appel-
lant has been deprived of his bill of exceptions, apparently with-
out fault of his. The bill complaining of the court's action, as
stated above, was presented to the trial court a week before the
date of adjournment and the same was not then returned with
the court's disapproval nor was there any suggestion of correc-
tion, but the court took the same with him to some place other
than the town of the forum and it was not until Thursday before
the necessary adjournment of court on Saturday following that
appellant's counsel learned that the bill was not acceptable to the
court. As stated, there were no suggested corrections made to
appellant's counsel, his bill was never returned to him with the

court's refusal endorsed thereon, no opportunity was given him to have the same authenticated in ways other than by the approval of the trial judge. The mutilated corpse of his bill was presented to him by the district clerk under the trial court's direction on the day of the necessary adjournment of the court. It is stated that whole sheets and parts of appellant's bill, in propria persona, were welded on and woven into a wholly different document, the paternity of which appellant denied, and it is also shown that the remainder of his bill was at some place of which he knew nothing. In such situation, what could appellant do? The court was many miles away and appellant was unable to communicate with him. The bill tendered by him to the court was not acceptable. This court has many times visited upon appellants the consequences of their delays and negligence in failing to follow the statutory methods and to use due diligence in the preserving of error and its presentation here. Shall the State be held to a less degree of effort to do its part in observing the statutory requirements? Are we not to require the same degree of diligence and observation of statutory requirements upon the part of the State when the lives and liberties of the citizens hang in the balance? We think so, and that it is our duty to consider the matters set up in such original bill of exceptions or else reverse the case directly upon the ground that appellant has been deprived of his bill of exception.

Noticing the matters contained in said original bill, we hold that the trial court erred in not hearing the evidence offered by appellant as justification for not having filed within the two days his motion setting up misconduct. Artile 839, C. C. P., says that a new trial must be applied for within two days, but for good cause shown the court may allow the application to be made at any time before the adjournment of the term at which the conviction was had. This court will exercise revisory power over the action of a trial court in the abuse of its discretion as to whether the cause shown for failure to file within two days, was sufficient, but we hold that no trial court has the right to substitute an arbitrary rule of its own for that of the statute in such case nor to refuse peremptorily to even consider whether good cause has or can be shown for failure to file such motion within two days. We also hold that the court may not arbitrarily single out any such matter or ground in said motion and make that subject to a different rule from the rule prescribed by statute for a motion generally. When a motion for new trial is filed after the two days and profert is made of a showing why same was not sooner filed. it is the plain duty of the court to hear and consider same and if it be of opinion that the showing is not sufficient it may so hold, subject, of course, to review on appeal. This is in accord with the statute. The fact that counsel for appellant agreed with the court

to file such motion within two days can make no difference in a proper case, for lawyers are but human and it is conceivable that a case may occur in which it would be impossible or reasonably impracticable to carry out such agreement, and the court should never conclude such matter arbitrarily when evidence is offereu. This is especially true where the well-being of the citizen is dependent on such action.

Further considering the matter set up in said bill, we hold the showing which appellant offered to make in the instant case, sufficient excuse for filing said motion within two days, and further that the evidence offered, showed misconduct of the jury. The affidavits of the jurors were appended to the motion showing, that two of them were for acquittal until it was stated to them in the jury room that appellant had killed another man and that they thereupon agreed to a conviction. It was also offered to be proven by jurors who were present at the proposed hearing on motion for new trial, that certain jurors commented in the jury room upon the appellant's failure to testify in the case. These, we think sufficient reasons to require the granting of a new trial by the court below, if the same had been .considered and acted upon.

There are other errors complained of but none of any consequence, and we will only notice the matter in reference to the alleged copy of a telegram claimed to have been sent from Candelaria at once after the homicide by authority of the soldiers who were present at the time of the killing, said purported copy being in the possession of the district attorney and the court being asked to compel the district attorney to deliver the same to counsel for the appellant. We see nothing in the bill of exceptions Nos. 16 and 17, complaining of this matter, which would have justified the court in directing the State's attorney to deliver said paper to appellant. These bills, with their qualifications, were accepted by appellant and thus became his bills. It was not claimed that there were any witnesses present who could identify said copy or in any way relieve its contents from being wholly hearsay and secondary. It was not an original paper. It further appears that at a former trial of this case, and when the officer who transmitted the message from Candelaria was present and on the witness stand, no effort was made to have him identify the copy or. reproduce the contents, and as stated, we see no error of the lower court in declining to grant the request of the appellant or compel the delivery or production of this paper.

Upon another trial the other matters complained of will probably not occur.

For the errors mentioned, the judgment of the trial court is reversed and to cause remanded for another trial.

*Reversed and remanded.*