## ANNIE CALDWELL v. THE STATE.

No. 14344. Delivered June 17, 1931.

The opinion states the case.

*Thomas B. Ridgell,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, murder; punishment, ten years in the penitentiary.

The testimony for the state showed that the appellant stabbed deceased with a butcher knife and killed her. It was the contention of the state that the killing was unprovoked and was a result of premeditation and of an attack on the part of the appellant after they had had a previous difficulty, which had been abandoned by the deceased.

The appellant's testimony raised the issue of self-defense from an actual attack, as well as self-defense from threats. The appellant testified that at the time of the commission of the offense, the deceased was advancing on her and striking her with a piece of iron. The evidence on the part of some of the state's witnesses showed that the deceased had struck the appellant on the head with a rock.

The appellant excepted to the charge of the court on provoking the difficulty because the evidence was not sufficient to raise such an issue or to authorize such a charge, and if it was sufficient to raise the issue, he did not directly apply that issue and unduly restricted appellant's rights.

We think the court's charge on provoking the difficulty is subject to the objection raised. It is a more or less serious question as to whether or not the facts are sufficient to raise the issue of provoking the difficulty. It would seem from the evidence more of an issue as to who began the difficulty than as to the provoking of the difficulty. However, the court nowhere in his charge gave to the jury the converse of the proposition of provoking the difficulty. We quote from Mason v. State, 88 Texas Crim. Rep., 642, 228 S. W., 952: "Whenever it becomes necessary in the opinion of the trial court to charge the jury upon the law of provoking a difficulty, it is necessary always that the converse of that proposition be also given in charge to the jury. In other words, they should be told in some appropriate language that if the appellant at the time of the homicide or difficulty did do or say certain things, but that they were not done or said with the intention of provoking a difficulty, that then the defendant's right of self-defense would not be impaired or abridged, and he could stand his ground and resist any unlawful attack or threatened attack which deceased may have made upon defendant's person." See also Young v. State, 53 Texas Crim. Rep., 416, 110 S. W., 445; Caraway v. State, 98 Texas Crim. Rep., 119, 263 S. W., 1063; Kilpatrick v. State, 80 Texas Crim. Rep., 391, 189 S. W., 267. See also Branch's P. C., sec. 1958.

Appellant also objected to the court's charge because the court nowhere gave an affirmative charge upon the right of self-defense disconnected and disassociated with any other matter, and presented a special charge on that issue. Appellant had testified that when she left Monroe Bailey on the day of the trouble, she had started home; that the deceased asked her to go with her to see a woman by the name of Kathryn Shelton and prove

to her that a man called Chief (Monroe Bailey) was not at her house; that she was on one side of the road and deceased was on the other; that when she started to go, she was back of deceased and would not get close to her; that deceased threw a rock at her and that she picked it up and threw it back at her, but didn't hit her; that when she walked up to the place they were going, the deceased said to her, "You black bitch, you don't have to prove nothing," and struck her with an iron pipe. The witness Henry Lee Pointer testified for the state that the first thing he knew, the deceased raised an iron pipe to hit appellant; that he saw her draw it back. The witness Kathryn Shelton testified that she saw the deceased get a piece of iron and that deceased said the appellant had insulted her and that she was going right over to Monroe Bailey's house; that the deceased found the piece of iron in a trash pile and that after she got that iron, she went over to Monroe Bailey's house. She testified further that the appellant and deceased walked up to where she was; that she walked off, and that they had started to fight and that the deceased struck appellant on the head with a rock.

The court seems to have correctly defined the law pertaining to the right of self-defense, but when he came to making the application of the defensive matter in his charge, he associated with that the issue of provoking the difficulty. There is nowhere in his charge a charge on self-defense unassociated with any limitations. The court also charged on the issue of mutual combat and associated it also in connection with his charge on self-defense and the provoking of the combat.

The appellant was entitled to an affirmative charge under the evidence on self-defense. "When self defense is an issue the accused is entitled to an affirmative charge on that theory, and a negative charge is not sufficient." Branch's P. C., sec. 1938, citing Gardner v. State, 11 Texas App., 273; Hackett v. State, 13 Texas App., 414; Bonner v. State, 29 Texas App., 231, 15 S. W., 821; Williams v. State, 61 Texas Crim. Rep., 356, 136 S. W., 771. A charge on self-defense should not be mixed with other matters, but that issue should be submitted in an affirmative way untrammeled by unfavorable conditions. McPeak v. State, 80 Texas Crim. Rep., 50, 187 S. W., 754; Jones v. State, 86 Texas Crim. Rep., 371, 216 S. W., 884; Escobedo v. State, 88 Texas Crim. Rep., 277, 225 S. W., 377.

We are constrained to hold that the appellant's rights under her testimony were not submitted in the case in an affirmative manner and that the charge of the court presented appellant's defense in restrictive form and tied it to the theory of the state, and therefore it was not sufficient to meet the requirements of the law and did not properly protect the appellant in her rights under the facts and under the law.

Other bills of exception appear in the record. Some of these bills are in question and answer form and others are qualified by the court in

such a way as to fail to reflect error. Others are such as are not likely to again occur on another trial of the case. We see no necessity of entering into a discussion of same in view of the disposition we make of the case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.