## WILL GROHSKE V. THE STATE.

No. 15869.   Delivered May 31, 1933.
Rehearing Denied June 23, 1933.
Reported in 61 S. W. (2d) 847.

The opinion states the case.

*Cecil R. Galss,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed W. A. Rowe by shooting him with a gun.

The opinion on a former appeal is found reported in 50 S. W., Second Series, at page 310.

Appellant, who was a constable, was attending a dance with his brother, who was a deputy sheriff.   The two officers observed deceased place something under his coat and go from his

automobile to the dance hall. They also heard a dog rattling some bottles in deceased's car. Appellant's brother turned his flashlight on deceased's car and observed a pint of liquor in the car. Saying to deceased, who was standing near the car, that he had caught him, the officer commanded appellant to grab deceased. Appellant and his witnesses testified that, as he (appellant) attempted to take hold of deceased, deceased tried to reach in his automobile; that he (appellant) and deceased began to scuffle; that deceased struck appellant with his fist; that appellant asked deceased to give up; that deceased refused to surrender, and continued to scuffle with appellant. Appellant testified that, after they had fought for some time, deceased disengaged himself and drew a knife on him; that believing his life was in danger, he fired several shots. Appellant said: "As to why I shot Bud Rowe will say I shot him because he was coming on me with a knife. The knife was open, I am pretty sure; yes, sir, it was in his right hand. I do not know whether he struck at me with it but he was coming at me—his hand was up about like this. I shot four times and he turned and ran and I didn't shoot any more after he turned. When I discovered he had his back to me I quit. On account of the body showing entrance wounds in the back, I must have shot him when he had his back to me, but I didn't see his back. Yes, I saw the knife. When I noticed that he turned, I quit shooting." Witnesses for the state testified that deceased was trying to get away from appellant, and that, when he succeeded in disengaging himself and was running away with his back toward appellant, appellant fired several shots at him.

Appellant objected to the charge of the court for its failure to instruct the jury as to his right to search the automobile and arrest deceased. He cites in support of his contention that the charge should have been given. Kilpatrick v. State, 189 S. W., 267. In that case it was shown that the appellant was a constable. His testimony was to the effect that one Kemp was disturbing the peace, and attempting, with drawn pistol, to run Mexicans from the pool hall where the homicide occurred; and further that, as a peace officer, he was attempting to arrest Kemp when Kemp fired several shots at him. He testified that he returned the fire and accidentally struck the deceased, who was nearby. He said the shots were fired at Kemp and not at deceased. The state's testimony was to the effect that Kemp and his companions were engaged in a game of pool when the appellant entered the pool hall and began shooting, killing the deceased. In short, the state's testimony, if believed, led to the

conclusion that the appellant was not warranted in making an arrest. Under the circumstances, this court held that the trial court should have specifically submitted the law governing the right of the appellant, as an officer, to arrest Kemp. It is observed that in Kilpatrick's Case the court charged on provoking the difficulty, thereby limiting the appellant's right of self-defense. In the present case, the state did not question appellant's right to search the automobile and arrest deceased. The court gave appellant an unqualified charge on self-defense. It was not limited by a charge on provoking the difficulty, or otherwise. Under the circumstances, we are unable to perceive how the giving of the instruction in question could have been of benefit to appellant. Notwithstanding appellant had the right to make the arrest, under the express provisions of the statute he would not have been warranted in killing deceased because he resisted arrest or attempted to flee, unless he had just ground to fear that his own life would be taken or that he would suffer great bodily injury. See subdivisions 8 and 9, article 1212, P. C. See, also, Fagan v. State, 14 S. W. (2d) 838. Under the provisions of article 666, C. C. P., we would not be warranted in ordering a reversal.

We think appellant's objection to the charge on self-defense on the ground that it was too restrictive, in that it required the jury to believe that deceased did certain acts that caused appellant to have a reasonable expectation of death or serious bodily injury, was not well taken. The acts mentioned in the charge were testified to by appellant. We quote that part of the charge applying the law to the facts, as follows: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Will Grohoske, shot and killed W. A. Rowe, but you further believe from the evidence, or if you have a reasonable doubt thereof, viewing it from the standpoint of the defendant at the time that the defendant, Will Grohoske, caught hold of deceased, W. A. Rowe, for the purpose of placing him under arrest, and that the deceased assaulted the defendant with his fists and attacked the defendant with a knife, and that the deceased attempted to put his hand in his bosom or did any of said acts or did some other act or spoke some words connected with some act or acts, and from the manner and character of said demonstration the defendant was caused to have a reasonable expectation or fear of death or serious bodily injury, and the defendant acting under such reasonable expectation or fear and while such reasonable expectation or fear continued shot the said deceased with the purpose and intention of protecting himself, and did

thereby kill the deceased, W. A. Rowe, then you will acquit the defendant."

Bill of exception No. 11, as qualified, presents the following occurrence: While appellant was testifying, he was asked by the district attorney if he had heard that deceased was a peace officer and that he (deceased) in the capacity of officer, brought people to the town of Marlin. Appellant answered: "Yes, and I knew he abused ———." The district attorney interrupted appellant before he completed his answer with the following question: "And you were afraid of him doing like you did—if elected constable and abuse people?" Appellant's counsel said: "We object to the voluntary statement of the district attorney, and ask the court to disregard it." The objection was overruled, and appellant excepted. The question was not answered. The opinion is expressed that the bill fails to prevent reversible error. We are not led to believe that the mere asking of the question was calculated to prejudice appellant. Appellant received the minimum penalty. It would be going too far, we think, to hold that the jury declined to suspend appellant's sentence because of the asking of the question. The jury might have concluded that the question referred to the killing of deceased, and that the district attorney had in mind that the facts and circumstances surrounding the homicide indicated that appellant, as a peace officer, had abused deceased.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews his complaint because the court failed to charge upon his right to arrest deceased, and further urges Kilpatrick v. State, 189 S. W., 267, as authority. In our original opinion we endeavored to point out the distinguishing features between that case and the present one. In Kilpatrick's case there was a sharp issue whether accused was trying to arrest. The State's case made out an unprovoked killing, while accused's testimony was to the effect that the killing occurred while he was defending himself against an attack by one who was resisting arrest. In the present case no issue was made upon the question of appellant's right to arrest deceased. The state seems to have conceded it. The sole question was whether appellant acted in self-

defense, or whether he killed because deceased was trying to escape, and resisted arrest without endangering appellant's life or his bodily injury. The court having given appellant the unqualified right of self-defense, we think the principle applicable that, where one is given the unrestricted right of self-defense, it is not reversible error to omit an instruction to the effect that the fact of his being armed would not impinge on his defensive right. Section 1950, Branch's Ann. Tex. P. C. and authorities cited thereunder, among them being Williford v. State, 38 Texas Crim. Rep., 393, 42 S. W., 972. It would not have been inappropriate for the court in the present case to have instructed on appellant's right to arrest deceased, but we think the omission of such instruction under the circumstances of the case, and in view of the charge given, does not call for reversal. The other cases relied on by appellant in his motion are Louder v. State, 44 S. W. (2d) 719, and Boyd v. State, 56 S. W. (2d) 651. In each of these cases accused killed officers in resisting what was claimed to be illegal arrests. Accused's right under such circumstances would not be understood by a jury without appropriate instructions. We think such cases have no application here.

We think the point presented in bill of exception number eleven was correctly disposed of in our original opinion.

Believing the case to have been properly decided, appellant's motion for rehearing is overruled.

*Overruled.*