Juan B. SALDANA, Appellant,

v.

The STATE of Texas, Appellee.

No. 36915.

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

Rehearing Denied Nov. 25, 1964.

Marvin F. Foster, Jr., Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., John R. Haas, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of marijuana; the punishment, fifteen years. Our prior opinion is withdrawn and the following substituted in lieu thereof.

The testimony of the State shows that one and a half pounds of marijuana was found under the seat of the taxi in which appellant was riding. During the arrest, appellant stated the marijuana was his.

Appellant's voluntary written statement, properly introduced into evidence, further shows appellant to be guilty of the crime charged.

Lt. Wilkins, while assisting the narcotics squad of the Corpus Christi Police, apprehended appellant when the taxi in which he was riding turned into the driveway of a tourist court. A search of the vehicle resulted in the finding of two packages of marijuana.

Horace Galvan was a passenger in the taxi with appellant.

Prior to the trial and again at the close of the State's case, appellant moved the court to require the State to produce for his inspection the "written statement of one Horace Galvan", which motions were overruled. Galvan was not a witness at the trial and the rule in Gaskin v. State, 172 Tex.Cr. R. 7, 353 S.W.2d 467, has no application. We find no error in the court's ruling.

Appellant's most serious complaint related to the legality of his arrest and the incident search of the taxicab.

An ordinance of the City of Corpus Christi was introduced into evidence. This ordinance authorized arrest without a warrant of persons found in suspicious places and circumstances which reasonably show that such person is about to commit some offense against the law. Such ordinance is authorized by Article 214, Vernon's Ann. C.C.P.

Wilkins testified that he had two cabins at the Omaha Courts under surveillance for some time prior to the night in question and that in early May the cabins had been under twenty-four hour a day surveillance because the narcotics squad was trying to "make" a certain "buyer" who had prostitutes working for him. He stated that he knew appellant and had previously arrested him for pimping for Gomez, the occupant of cabin 13. At some time during the earlier surveillance the Gomez cabin had been searched and an occupant charged with possession of narcotic paraphernalia.

At 3:00 a. m. on the night in question Wilkins was keeping cabin 13 and cabin 22 under surveillance. He states that a cab came into the courts, and he shined a light into the cab. The taxicab came to a halt on the volition of the driver. In the cab Wilkins observed the driver and appellant seated in the front seat and a passenger in the back seat. When the appellant saw Wilkins, he turned to the back seat, and then Wilkins heard crinkling noises and observed the passenger stuffing something under the front seat. It was after this that Wilkins said, "hold it" and went to investigate the suspicious actions and to recover the packages stuffed under the front seat. Both appellant and the passenger in the back seat were later charged with possession of marijuana.

We have concluded that these facts constituted sufficient probable cause for arrest without a warrant by Wilkins. The arrest being legal, the subsequent search was also legal.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.