Juan B. SALDANA, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 25244.

United States Court of Appeals
Fifth Circuit.

May 17, 1968.

Rehearing Denied June 27, 1968.

Juan B. Saldana, pro se.

Robert E. Owen, Asst. Atty. Gen., Austin, Tex., Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst., Hawthorne Phillips, Gilbert J.

Pena, Asst. Attys. Gen., Austin, Tex., for appellee.

Before GEWIN and THORNBERRY, Circuit Judges, and EDENFIELD, District Judge.

PER CURIAM:

Appellant filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Texas alleging that his arrest and the search of the taxicab in which he was a passenger, both of which were conducted without a warrant, were unlawful and, therefore, the marijuana seized from the automobile was improperly admitted in evidence. The case was submitted to the district court on the record and on briefs. The court denied the application for habeas corpus and we affirm.

In 1963 appellant was convicted in the 105th Judicial District Court of Nueces County, Texas, for illegal possession of marijuana. The Court of Criminal Appeals for the State of Texas affirmed. Saldana v. Texas, 383 S.W.2d 599 (1964). The legality of the arrest and search were in issue at appellant's trial and on appeal.

The district court after carefully reviewing the entire record held that the search was incidental to the arrest of the appellant, which was justified by the officers' reasonable belief that the appellant was committing the offense in their presence. See Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Brett v. United States, 377 F.2d 520 (5 Cir. 1967).

■ The facts as found by the district court demonstrate that the officers had probable cause to believe that appellant was in possession of narcotics. We conclude from a review of the entire record that these findings are amply supported by the evidence.

■ Under the facts disclosed by the record, even if the evidence is viewed as showing that appellant was not arrested until after the search of the automobile or simultaneously therewith, and the

seizure of the marijuana, we find the search and seizure lawful because the facts clearly show that the officers had probable cause to believe that the automobile contained contraband. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Bailey v. United States, 386 F.2d 1 (5 Cir. 1967).

Judgment affirmed.