## FLEMIN GASKIN V. STATE

No. 33,909.   December 13, 1961
State's Motion for Rehearing Overruled January 31, 1962

*Clyde W. Woody,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Thomas C. Dunn,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of marijuana; the punishment, two years.

In view of our disposition of this case, a recitation of the facts will not be necessary other than to state that bill of exception No. 1 recites the following facts: Each of the arresting officers testified that contemporaneously with the arrest they had prepared a complete report of the transaction in question. The arrest was shown to have occurred some two years prior to the trial. The officers testified that before coming to court they had read the report and were in fact testifying from their refreshed memory. After each of the officers had testified, appellant made a request upon the prosecutor to produce such report for the purpose of cross-examining the officers. The prosecutor admitted that he had such report in his possession, but the court

refused to order him to deliver the same to appellant's counsel for the purpose stated, to which appellant objected.

Thereafter, at the hearing on the motion for new trial, appellant again made demand upon the prosecution for production of said report for the purpose of perfecting his bill of exception, but, even though it was stipulated that the prosecutor had said report in his possession, the court declined to order him to produce the same.

In the recent case of Moreno v. State, 170 Texas Cr. Rep. 410, 341 S.W. 2d 455, in explaining our prior holding in Wiley v. State, 169 Texas Cr. Rep. 256, 332 S.W. 2d 725, we said:

"Our holding was that such statements should have been made available for the record for the purpose of showing injury, if there was injury."

For the error of the court in failing to permit appellant to perfect his bill so that he might show injury, if any occurred, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

We disclaim any intent to adopt the Jencks decision (Jencks v. U.S., 353 U.S. 657) or the so-called Jencks Act (18 USCA., Sec. 3500) as a rule of procedure in this state.

We are not here dealing with grand jury testimony, or with a confession of the defendant, but with a previous statement shown by the evidence to have been made by a witness who has testified for the state, which statement was available and inspection was requested for the purpose of cross-examination and possible use for impeachment purposes.

We agree with counsel for the state that under the decisions the defendant has an absolute right to have such a statement only where it has been used in some way before the jury by which its contents became an issue, such as used by the witness in testifying to refresh his memory, or exhibited or read from or used to question the witness in the jury's presence. Jackson v. State, 166 Texas Cr. R. 348, 314 S.W. 2d 97; Green v. State, 53 Texas Cr. R. 490, 110 S.W. 920; Palacio v. State, 164 Texas

Cr. R. 460, 301 S.W. 2d 166; Board v. State, 122 Texas Cr. R. 487, 56 S.W. 2d 464.

We agree that the facts here do not bring the case before us within said rule, the witness having testified that he refreshed his memory from it before he came to testify, and there being no evidence that he used it in testifying or that it was exhibited or used in the jury's presence.

From the decisions, it appears that the rule we have applied is in effect the same as that in the Federal Court stated and applied in Goldman v. United States, 316 U.S. 129, long before the Jencks case was tried, namely, the trial judge has a large discretion in allowing or denying the inspection of the witness' prior statement.

The rule applies where demand is made after the witness has testified on direct examination and is for the purpose of cross-examination, and possibly impeachment purposes, whether the statement has been used by the witness before trial to refresh his memory or not.

In Blum v. State, 166 Texas Cr. R. 541, 317 S.W. 2d 931, the statements of the witnesses, inspection of which was demanded, were before us and we concluded that no injury was shown.

In Funk v. State, 84 Texas Cr. R. 402, 208 S.W. 509, decided in 1919, this court said that Funk should have been accorded the privilege of inspecting previous statements of an accomplice witness, but under the record found no harmful error.

In Kilpatrick v. State, 80 Texas Cr. R. 391, 189 S.W. 267, (1916) this court in reversing a conviction for murder, stated that the trial court should have required the production of a telegram sent by two state witnesses which was "directly contradictory of their testimony at the trial".

As pointed out in our original opinion herein, the refusal of counsel for the state to make available the statements or reports which appellant's counsel was not permitted to inspect, has deprived appellant of the opportunity to show, if he could, that he was prejudiced by the court's refusal to require the statements to be produced.

We have no doubt but that there are cases where the interests of justice require that the trial judge, even after trial, refuse to

permit an inspection of instruments in the state's files, nor do we doubt that the burden is upon the defendant to show that the demand for inspection of the statement was timely made and the refusal of the court to grant such demand was prejudicial and constituted an abuse of discretion.

The trial court may, however, in his discretion require production of a prior statement of a witness, and is not precluded from doing so by the absence of a statute or rule of procedure. If he refuses to so require, the statement should be made a part of the record on appeal, in order that the defendant will not be deprived of the opportunity to show, if he can, that the trial judge abused his discretion in refusing to grant the demand, and that the defendant was harmed by such ruling.

Appellant having been deprived of the opportunity to show that the trial court abused his discretion, to his prejudice, in this regard, reversal of the conviction appears to be in order.

The state's motion for rehearing is overruled.