RUTH ESTER PRUITT V. STATE

No. 34,207. January 31, 1962
State's Motion for Rehearing Overruled March 21, 1962

*John Cutler*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr., Carl E. F. Dally, Lee P. Ward, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, life.

In view of our disposition of this appeal, a statement of facts will not be deemed necessary.

The indictment alleged that the offense occurred in September, 1951, but this trial (so far as this record reveals, the first trial of this case) did not take place until June of 1961.

During the cross-examination of the first witness for the State, appellant developed that the witness had made a written statement concerning the offense to the police immediately after the incident, had read the same in the office of the district attorney the day before the trial, and that such statement was in the possession of the prosecutor. Demand was then made for production of the statement for the purpose of cross-examination of its maker. This was denied, and counsel then requested that the statement be made a part of his bill of exception. This request was also denied.

The same procedure was followed as to the other two eye witnesses for the State except that they were recalled at the conclusion of the State's case and demand was made for the incorporation of their statements into the record as a part of his bill of exception "in order that the higher court, on appeal * * * might be able to determine whether or not * * * it was necessary and relevant on cross-examination of the witness."

This presents almost the identical question as is raised in Gaskin v. State, (p. 7, this volume). There, we quoted from Moreno v. State, 170 Texas Cr. Rep. 410, 341 S.W. 2d 455, and said that such statement should have been made available for the record for the purpose of showing injury, if there was injury,

and that the refusal of counsel for the State to make available the statements or reports which appellant's counsel was not permitted to inspect, deprived appellant of the opportunity to show, if he could, that he was prejudiced by the court's refusal to require the statements to be produced.

For the errors pointed out, the judgment is reversed and the cause is remanded.

STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

The state requests that we "clarify the procedure to be utilized in making the requested offense report or written statement available for the record".

First, we express the view that only in cases where the interests of justice so require should the defendant or his counsel be denied the privilege of inspecting a previous statement of a state's witness after he has testified on direct examination.

We said in Gaskin v. State, supra, that there may be cases where the interests of justice require that inspection of such a statement by the defendant or his counsel be denied even after the trial.

When a statement, withheld on such ground, is demanded for the purpose of the record on appeal, we know of no reason why it cannot be made a part of the bill of exception by reference, the statement or copy or reproduction thereof properly certified being sent up with the record in a separate sealed envelope with endorsement thereon showing that it is a part of the bill of exception for the inspection of the Court only.

The state's motion for rehearing is overruled.