**Earnest Lloyd DOVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40768.

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Rehearing Denied Dec. 13, 1967.

James A. Moore, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phylis Bell and Alvin A. Horne, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

In view of our disposition of this appeal, a recitation of the facts is not deemed necessary. Appellant urges one ground of error. He contends that the trial court committed reversible error in refusing to allow the appellant the use of a witness' offense report for cross-examination purposes and in refusing to examine the same in camera for possible inconsistencies, and in refusing to incorporate said report in the record for the purpose of appeal.

In rebuttal the State called L. H. Meyers, Jr., a city of Houston police officer, who was the only police officer to testify during the trial. On direct examination he related that on August 5, 1965, (the date of the alleged offense) while on duty he saw the appellant at a location approximately nine (9) blocks from the place where the testimony showed the robbery to have taken place. He further related that the appellant was in his presence from 8:30 to 9:30

p. m. on that occasion and that the location where he first observed the appellant was some fifteen (15) miles from the location where appellant's alibi witnesses had placed him at that time.

On cross-examination appellant's counsel requested the witness' offense report. The report had not been exhibited or used by the State in the presence of the jury and appears to have been prepared by Officer Barta, the witness' partner. Nevertheless, when the witness acknowledged having examined the one-page report the day before and related that he considered the report his own, the court granted the request. Thereafter the district attorney handed the report to appellant's counsel.

At such time it appears that appellant's counsel observed that there were "supplementals" stapled to the one-page offense report, and he requested the production of the entire police report. The court denied such request, as well as the request that the court examine the remainder of the report in camera to determine if there were any inconsistencies between the witness' testimony and that portion of the report to which appellant had been denied access. The court, likewise, refused the request to incorporate in the record the "supplementals."

It was shown by Officer Meyers' testimony that neither he nor his partner had prepared the supplemental offense report and that he had not refreshed his memory therefrom. It does appear though at the time he examined his partner's one-page summary the entire report had been stapled together. The record does not reflect who had prepared the remainder of the report of the Houston Police Department.

In support of his contention appellant cites and relies upon Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467, Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W.2d 936, and Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528.

It is readily apparent that we are not here dealing with the requested production (for purposes of cross-examination and possible impeachment) of a previous and presently available statement shown by the evidence to have been made by a State's witness himself. The rules applicable thereto are discussed and distinguished in Sewell v. State, Tex.Cr.App., 367 S.W.2d 349.

We are presented with the question of whether a defendant is entitled, upon request, to an available supplemental offense report not prepared by the witness or his partner nor used by the witness to refresh his memory when the request is made for the purpose of cross-examination and possible use for impeachment purposes.

It is observed that such supplemental offense report had not been used or exhibited by the State in the presence of the jury, and the trial court, in a liberal application of the so-called Gaskin rule, required the production of that portion of the offense report which the witness' partner had prepared and from which the witness had refreshed his memory. He denied, however, the request for production of the remainder of the offense report which had not been so prepared and so used.

When confronted with a similar question in Artell v. State, Tex.Cr.App., 372 S.W. 2d 944, this Court, after citing Gaskin v. State, supra, Martinez v. State, supra, and Pruitt v. State, supra, said:

"We have been cited no case, nor has an exhaustive inquiry revealed one, which requires that a report made by a person other than the witness be made available under the rule set forth above.

"We are not inclined at this juncture to expand the rule, especially in view of the relatively recent expression of the Supreme Court of the United States in Palermo v. U. S., 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287, on a similar problem, as follows:

" 'It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment.' "

See also Johnson v. State, Tex.Cr.App., 378 S.W.2d 76.

The record before us presents a much stronger case than Artell or Johnson for in each of those cases the witness had used the report or reports of other persons to refresh his memory.[1]

We conclude, therefore, that the trial court judge did not err in refusing appellant's request for the entire offense report or in refusing to examine the same in camera or in denying the incorporation of such report in the record.

Under the circumstances here presented, appellant was not denied a fair and impartial trial or the effective assistance of counsel.

The judgment is affirmed.

---

1. To the extent that a witness' testimony might be influenced by refreshing his memory from the reports of others, the rule in Artell v. State, supra, has been criticized. 16 Baylor Law Review 51, 59, 60.