Nathaniel STEVENSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42894.

Court of Criminal Appeals of Texas.

May 13, 1970.

Rehearing Denied July 15, 1970.

Durward D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, three (3) years.

Appellant challenges the sufficiency of the evidence. The record reflects that the complaining witness testified that a number of items were taken from her apartment, which had been broken into while she was absent. A newsboy testified that he carried a number of items for appellant, some of which matched the description of the stolen property, to an area in close proximity to the apartment where the stolen goods were recovered. Upon talking with this newsboy, police officers went to this location, searched for the stolen property, but found nothing. Noticing several men watching them from an apartment door nearby, the officers approached them, and asked if they could come in. The appellant then gave his permission. The apartment was shown to be in the custody and control of appellant, who at this time was there babysitting for his sister-in-law in whose name the apartment was leased. Upon entering, the officers noticed a bedspread in open view matching the description of the stolen bedspread. A search was then conducted of the apartment and of the men. A ring was found upon appellant's person which was identified by the complaining witness as one of the rings stolen from her apartment. The jury was charged on circumstantial evidence. We find the evidence sufficient to support the jury's findings.

Appellant complains that the court erred in not allowing him to see the notes and records used by a witness to refresh his memory. The witness stated that before the trial he had used notes which were not his but regulation police reports to refresh his memory as to some addresses, and not while he was testifying. The rec-

**62**

ord reflects that appellant only asked to see the notes. When this was denied, appellant did not ask that they be included in the record or be made part of his Bill of Exceptions. This Court has consistently held that to preserve error it is incumbent upon the appellant to present the same for this Court's inspection, Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528; Leal v. State, Tex.Cr.App., 442 S.W.2d 736.

 Appellant contends that the court erred in admitting an in-court identification based on a pre-trial lineup which was conducted without presence of counsel. Appellant at no time made any objection to this testimony as it was introduced, and we have consistently held that for error to be preserved appellant must make a timely objection, Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Gonzales v. State, 172 Tex.Cr. R. 556, 361 S.W.2d 393.

 Appellant next complains that the court erred in overruling appellant's motion to suppress evidence which was the result of an illegal search and seizure. The trial judge held a hearing outside the presence of the jury on the motion to suppress, and overruled the motion to which appellant failed to object. See Martinez v. State, supra, and Gonzales v. State, supra. The facts of the search and seizure have been set out above. The appellant is in no condition to object to the entry of the police into the apartment, as the entry was shown to be with appellant's consent, Sampson v. State, 160 Tex.Cr.R. 302, 268 S.W.2d 661; Maldonado v. State, Tex.Cr.App., 397 S.W.2d 862. Officers also were within their authority to seize the bedspread as it was in open view and fitted the description of the stolen bedspread, Howard v. State, Tex.Cr.App., 453 S.W.2d 150; Hudson v. State, Tex.Cr.App., 453 S.W.2d 147; Marshall v. United States (5th Cir.) 422 F. 2d 185. Appellant apparently relies on Chimel v. California, 395 U. S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. As authority that the officers could not enter and search the entire house without a warrant, but that

they were limited to the area immediately surrounding appellant. It might be pointed out that this trial and the prior search and seizure took place before the decision in Chimel v. California, supra, was handed down, and Chimel has not been held to be retroactive, Lyon v. United States, 416 F.2d 91 (5th Cir.), and Thornton v. State, Tex. Cr.App., 451 S.W.2d 898. Also, the ring found on appellant was the only stolen item introduced into evidence in this case, Brown v. State, Tex.Cr.App., 453 S.W.2d 171.

Finding no reversible error, the judgment is affirmed.