Cesario CAMPOS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43851.

Court of Criminal Appeals of Texas.

June 9, 1971.

**82**

Nathan O. Newman, II, Abilene, for appellant.

Ed Painter, Dist. Atty., and Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for attempted burglary with the punishment being assessed at 3 years.

The sufficiency of the evidence is not challenged.

We shall initially consider appellant's claim that the trial court erred in refusing prior to trial "to make any type of in-camera inspection of the State's prosecutor's file, or to make such an inspection of any other State agencies' file to determine if the same contained matters which could be used for impeachment of any or all of the State's witnesses during the trial * * *."

The record does not reflect that such pre-trial motion was ever presented to and acted upon by the trial judge.

Further, the motion appears to be too broad to be effective. Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408; See also Bryant v. State, Tex.Cr. App., 423 S.W.2d 320.

And by virtue of the express provisions of Article 39.14, V.A.C.C.P., the appellant was not entitled to the pre-trial statements of witnesses and the work product of counsel and their investigators, their notes and reports.

Appellant does cite Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Only recently we had occasion to discuss at length the constitutional duty of a prosecutor to disclose. Means v. State, Tex. Cr.App., 429 S.W.2d 490. We find no indication of a violation of that duty in the case at bar.

And in Bell v. State, 442 S.W.2d 716, 718, this Court wrote:

"We further note that nowhere in the record has appellant shown that matters sought to be discovered were material to appellant's defense or material to the issue of punishment, or that material matters sought to be discovered were in the possession of and withheld by the state. The Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, line of cases do not stand for the proposition advanced by appellant here—that she should have been granted carte blanche

in rummaging through the state's files in the hope of uncovering some shred of evidence which might be of assistance to her either on the issue of guilt or punishment. * * * "

■ Next, in several grounds of error appellant urges that the trial court erred in refusing to make an in-camera inspection of the written statement of the witness Efrain Vargas and the offense reports made by Police Officers Stovall and Petty, who testified for the State.

The requests for the in-camera inspections were made during the cross-examination of each of the witnesses, and were apparently made for the purpose of having the court determine any inconsistency with the testimony of each witness and to determine the availability of such statement or reports to the appellant for the purpose of cross-examination and possible impeachment. In each instance, the court refused to make such an inspection.

The record does not reflect that the statement or offense reports were used in any manner before the jury so as to bring into play the "use before the jury" rule.[1] Harris v. State, 172 Tex.Cr.R. 421, 358 S.W.2d 130; Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97.

Since the statement and offense reports were made by the witnesses themselves, the so-called "Gaskin rule" was applicable. This rule is limited to a previous statement made by the witness testifying for the State. Artell v. State, Tex.Cr.App., 372 S.W.2d 944.[2] The "rule applies where demand is made after the witness has testified on direct examination and is for the purposes of cross-examination, and possibly impeachment purpose, *whether the statement has been used by the witness before trial to refresh his memory or not.*" Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467. (emphasis supplied) [3]

"If an accused brings himself within this rule, then it is error for the trial judge to fail to require production of a prior and available statement of the witness, though the error may be harmless. The harmfulness of the error is dependent upon whether an examination of the statement by this Court demonstrates that the defendant should have been allowed the statement for the purpose of cross-examination and possible impeachment. Error, of course, will result if the defendant is denied the opportunity to have made available such statement for the appellate record for the purpose of showing injury, if any." Rose v. State, Tex.Cr.App., 427 S.W.2d 609, 612 (concurring opinion).

In the case at bar appellant was entitled to the statement and offense reports under the so-called "Gaskin rule," Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W.2d 936; Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528; Hughes v. State, 172 Tex.Cr.R. 441, 358 S.W.2d 386, and asked for less than he was entitled to in only requesting that the trial judge make an in-camera inspection. Even though this is true, we know of no requirement that under such circumstances the court must make in-camera inspection or that reversible error is

---

1. The "use before the jury" rule has always been applied literally and before the rule comes into play the writing or object must be actually used in the jury's presence.

   Under such rule, however, reversal will result without any showing of injury upon the defendant's timely request for inspection of *any* document, instrument or statement, which has been used before the jury by which its content becomes an issue. It is clear that if used before the jury, the document, statement, etc.,

2. Cf. 16 Baylor Law Review, 51, 60; Leal v. State, Tex.Cr.App., 442 S.W.2d 736 (concurring opinion); Dover v. State, Tex.Cr.App., 421 S.W.2d 110.

3. The "Gaskin rule" and "the use before the jury rule" are distinguished in Sewell v. State, Tex.Cr.App., 367 S.W.2d 349. See also Rose v. State, Tex.Cr.App., 427 S.W.2d 609 (concurring opinion).

is obtainable regardless of whether it has been made by the witness or not.

presented. The statement and offense reports should have been made available to the appellant, but we deem the error harmless. The statement and offense reports, apparently in qualification of appellant's formal bill of exceptions, were sealed by the trial judge and attached to the appellate record. See Rodriguez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406. Our examination of the short statement and the offense reports reveals that the same are entirely consistent with the testimony of the respective witnesses. No reversible error appears. Henley v. State, Tex.Cr.App., 387 S.W.2d 877.

In Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528, this Court said:

"The state requests that we 'clarify the procedure to be utilized in making the requested offense report or written statement available for the record.'

"First, we express the view that only in cases where the interests of justice so require should the defendant or his counsel be denied the privilege of inspecting a previous statement of a state's witness after he has testified on direct examination.

"We said in Gaskin v. State, 172 Tex. Cr.R. 7, 353 S.W.2d 467, that there may be cases where the interests of justice require that inspection of such a statement by the defendant or his counsel be denied even after the trial.

"When a statement, withheld on such ground, is demanded for the purpose of the record on appeal, we know of no reason why it cannot be made a part of the bill of exception by reference, the statement or copy or reproduction thereof properly certified being sent up with the record in a separate sealed envelope with endorsement thereon showing that it is a part of the bill of exception for the inspection of the Court only."

We adhere to what was said in Pruitt, and suggest that unless real security or other necessitous circumstances are presented, it is much more desirable that the withheld statements be openingly laid out in the record after trial so that the accused on appeal may have a fair opportunity to demonstrate any harm or prejudice that may have resulted from being denied such statements, reports, etc., for the purpose of cross-examination and possible impeachment. When statements are unnecessarily sealed, then the appellant has no opportunity to point out to this Court any basis for his claim of reversible error. He must depend solely upon our examination of such statements, etc., with the testimony given.

From what has been said above, we find no merit in appellant's claim that after refusing to examine in-camera the offense reports of Officers Stovall and Petty, the trial judge also refused to examine in-camera the prosecutor's file for any other possible statements of such witnesses.

Lastly, the appellant complains the trial court erred in failing to make an in-camera inspection upon request during the trial of the prosecutor's file and the Abilene Police Department files for any statement of the witness Dean Seaburn who denied having made any statement written or oral. There is no merit in such contention.

Finding no reversible error, the judgment is affirmed.