**William ZANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45104.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied June 21, 1972.

Douglas Tinker, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises from a conviction for robbery by assault with firearms where the punishment was assessed at 50 years.

A recitation of the facts is deemed unnecessary in light of the error that we determine calls for reversal.

During the cross examination of Gloria Atkinson, an employee at the loan company where the alleged robbery occurred and who had already made an in-court identification of the appellant, it was determined that the witness had given a written statement concerning the offense shortly after its occurrence to the District Attorney although she had not seen the statement since that time and had not refreshed her memory therefrom. Appellant moved that the court order the State to make available to him such statement for cross examination and for possible impeachment. The court refused such request. A request for

*in camera* inspection by the court was also denied and the court refused to include the statement in the record for the purposes of appeal, deferring such ruling until after the conclusion of the trial. Subsequently, appellant went further and made the trial court's failure to order the statement incorporated in the appellate record the substance of several grounds of error in his amended motion for new trial. The motion was denied, and the statement is not found in the appellate record before this court.

Appellant claims a violation of the "Gaskin Rule." See Gaskin v. State, 172 Tex. Cr.R. 7, 353 S.W.2d 467 (1962).

 It is clear that the appellant was entitled to inspect the prior statement of the witness. Where a witness for the State has made a report or has given a statement prior to testifying, the defendant, after a timely and specific motion,[1] is entitled to inspect and use such prior and available report or statement for cross examination and impeachment purposes, and this right obtains even though the witness has not used the instrument to refresh his memory.

If an accused brings himself within the "Gaskin Rule",

> ". . . then *it is error* for the trial judge to fail to require production of a prior and available statement of the witness, though the error may be harmless. The harmfulness of the error is dependent upon whether an examination of the statement by this Court demonstrates that the defendant should have been allowed the statement for the purpose of cross-examination and possible impeachment. Error, of course, will result if the defendant is denied the opportunity to

have made available such statement for the appellate record for the purpose of showing injury, if any." (emphasis supplied) Rose v. State, 427 S.W.2d 609, 612 (Tex.Cr.App.1968) (concurring opinion).

Although the "Gaskin Rule" has been discussed a number of times by this court, some confusion about its application still lingers. This may be due to the fact that the *Gaskin* case itself indicated the production of the statement was within the discretion of the trial judge, while the later cases made clear that if the "Gaskin Rule" comes into play, the accused is automatically entitled to the statement though the error of refusal may be harmless. See, e. g., Sewell v. State, 367 S.W.2d 349 (Tex. Cr.App.1963). Loose language in other cases, e.g., Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166 (1957), a pre-Gaskin case, also may have, upon a narrow reading, indicated that the rule is applicable only where the statement has been actually used for the purpose of refreshing the witness's memory out of court prior to trial or to testifying. This is, however, an erroneous interpretation of the rule.

 It has been the holding of this court, however, that notwithstanding an erroneous denial of a motion for inspection of a statement at trial when the "Gaskin Rule" is properly invoked, the cause will not be reversed on that ground alone unless harm has been shown.[2] This approach, of course, necessarily has the corollary that when requested, the trial court must order the statement incorporated in the appellate record to afford the accused an opportunity to show injury, if any.[3] Where, as in the instant case, the appellant demonstrates that he was entitled to inspect the prior statement of the witness

1. See, e. g., Boyd v. State, 419 S.W.2d 843, 847 (Tex.Cr.App.1967).

2. See, e. g., Campos v. State, 468 S.W.2d 81 (Tex.Cr.App.1971); Henley v. State, 387 S.W.2d 877, 879 (Tex.Cr.App.1965), rev'd on other grounds on rehearing (1965); Capuchino v. State, 389 S.W.2d 296, 399 (Tex.Cr.App.1965), cert. den. 386 U.S. 928, 87 S.Ct. 869, 17 L.Ed. 2d 800.

3. Gaskin v. State, supra; Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W.2d 936 (1962); Pruitt v. State, 172 Tex. Cr.R. 187, 355 S.W.2d 528 (1962).

and the court erred in failing to order its production, and, further, after adequate post trial request, also fails to incorporate the statement in the appellate record, reversible error has been committed because the appellant has been denied the opportunity to prove harm to this court.[4]

■ Further, the State was improperly permitted to impeach its own witness, C. T. Taylor.

Taylor, a taxicab driver at the time of the robbery and who had gone to school with the appellant, testified that he was driving his cab near the scene of the robbery when a man with a hood over one side of his face and carrying a gun ran in front of his cab. When asked if he had seen the appellant on the street in question, he answered in the negative and denied he could identify the man he saw as the appellant. Over vigorous objection as to the showing of surprise and the procedure used, the District Attorney was permitted, in the presence of the jury, to elicit testimony that the witness had given a statement while he was in the Victoria jail to an Assistant District Attorney to the effect that although he did not identify the man at the time, that upon further recollection, he had decided the man he saw was the appellant. The witness Taylor continued to deny that he could identify the appellant

and testified that someone else typed the statement and when he signed it, he only glanced at it and did not see the portion relating to his recollection.

■ First, the proper predicate for showing surprise was not laid. See the procedure discussed in Pelton v. State, 167 Tex.Cr.R. 649, 322 S.W.2d 529 (1959). It should be remembered that foreknowledge of a witness's testimony precludes impeachment though such testimony is decidedly adverse on a vital issue. Wall v. State, 417 S.W.2d 59, 61 (Tex.Cr.App.1967).

■ Further, a party cannot attack the testimony of his own witness unless the witness has stated facts injurious to such party. See Art. 38.28, Vernon's Ann.C.C. P.; Wall v. State, supra. It is not sufficient that the witness merely fails to testify as expected or to remember facts favorable to the party calling the witness. Wall v. State, supra.

■ In the event of a retrial, the court should take steps to insure that any unnecessary viewing of the appellant in handcuffs by the jury or even prospective jurors is avoided, unless good cause for the same is otherwise shown.

For the reasons stated, the judgment is reversed and cause remanded.

---

4. The instant case is clearly distinguishable from Leal v. State, 442 S.W.2d 736 (Tex.Cr.App.1969). In *Leal*, this writer concurred in the affirmance because Leal's only effort to have the report there in question included in the appellate record was made during the trial of the cause. There I said: "Before I would be willing to reverse for the trial court's refusal to make the offense report available for the appellate record, I would require an effort *after trial* by the defendant for incorporation of the instrument in the record on appeal." (emphasis supplied) 442 S.W.2d at p. 739 (concurring opinion).

By making the trial court's failure to incorporate the statement the substance of several grounds of error in his motion for new trial, the appellant has adequately satisfied that condition.

This writer continues in the belief that ". . . the trial court's inspection of the instrument in question in camera and his statement that no inconsistency appears, and this Court's subsequent examination of the instrument forwarded under seal is often a poor substitute for actual use by appellant of such instrument on cross-examination." Rose v. State, supra, note 3, 427 S.W.2d 613 (concurring opinion).