**Mack Shan LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44926.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied July 12, 1972.

James A. Moore, Daniel O. Newsom, Michael W. Eheman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Trial was to a jury which assessed punishment at eight years.

Appellant's sole ground of error is "The trial court committed reversible error when he refused to allow appellant's attorney to inspect a copy of a police report which was used or exhibited before the jury, for purpose of cross-examination."

There were two police officers who testified in this cause, McRae and Spaulding. McRae arrested appellant while appellant was fleeing the scene.

Officer Spaulding was the first officer to testify and after having testified that he had made an offense report which was a "partial summary", he then testified that he had read an offense report the day before the trial. At this time the appellant asked the court to have a copy of the offense report for purpose of cross-examination. The officer had testified that he had read several pages of the report, some of which had not been prepared by him. Upon objection by the State to giving appellant the whole report being sustained by the court, the appellant was allowed to have only that portion prepared by Officer Spaulding and not the additional part that he read to refresh his memory.

This is the error assigned by the appellant herein.

When Officer McRae was called to testify, the same request was renewed and the State handed the entire offense report to counsel for appellant. Officer Spaulding was not recalled for further cross-examination. Further, appellant did not preserve his error because no request was made to have the report placed in a

sealed envelope and forwarded to this Court for examination on appeal. Leal v. State, 442 S.W.2d 736 (Tex.Cr.App.1969); Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528 (1962); Stevenson v. State, 456 S.W.2d 60 (Tex.Cr.App.1970).

There being no reversible error, the judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result reached, but I feel compelled to state my own views to clarify any confusion that may exist in the instant case between the so-called "Gaskin Rule" (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467) and the "use before the jury" rule. Both of these rules relate to the right of an accused in a criminal case to inspect documents in the possession of the State during the conduct of a trial. The two rules have been discussed on previous occasions.[1]

"Under the 'use before the jury rule' a defendant is entitled to inspect, upon his timely request, any document, instrument or statement which has been used by the State before the jury in such a way that its contents become an issue. Sewell v. State, supra. A failure to permit or compel such inspection is reversible error, and a showing of harm flowing from the error is not required." White v. State, 478 S.W.2d 506 (Tex.Cr.App. 4–5–72).

Under the "Gaskin Rule" where a witness for the State has made a report or has given a statement prior to testifying, the defendant, after a timely motion, is entitled to inspect and use such prior and available report or statement for cross examination and impeachment purposes, and this right obtains even though the witness has not used the instrument to refresh his memory.[2] See Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App. 4–26–72).

If an accused brings himself within the "Gaskin Rule",

". . . then *it is error* for the trial judge to fail to require production of a prior and available statement of the witness, though the error may be harmless. The harmfulness of the error is dependent upon whether an examination of the statement by this Court demonstrates that the defendant should have been allowed the statement for the purpose of cross-examination and possible impeachment. Error, of course, will result if the defendant is denied the opportunity to have made available such statement for the appellate record for the purpose of showing injury, if any." (emphasis supplied) Rose v. State, 427 S.W.2d 609, 612 (Tex.Cr.App.1968) (concurring opinion).

In the instant case, after Officer Spaulding testified, appellant's counsel on cross examination elicited that he had prepared an offense report. Such report, of course, had not been used before the jury. Counsel then invoked the "Gaskin Rule" by demanding or requesting the report. The prosecuting attorney separated Spaulding's report from the other offense reports and made the same available to appellant's counsel. Thereafter, such report was

---

1. For a discussion and analysis of the interrelationship between the two rules, see, e. g., Sewell v. State, 367 S.W.2d 349 (Tex.Cr.App.1963); Dover v. State, 421 S.W.2d 110 (Tex.Cr.App.1967); Rose v. State, 427 S.W.2d 609, 612 (Tex. Cr.App.1968) (concurring opinion); Leal v. State, 442 S.W.2d 736, 738 (Tex. Cr.App.1969) (concurring opinion).

See also Hart v. State, 447 S.W.2d 944, 947 (Tex.Cr.App.1970); Carey v. State, 455 S.W.2d 217, 219 (Tex.Cr.App. 1970).

See generally Comment, Rights of a Criminal Defendant to Inspect Papers in the Possession of the State, 16 Baylor L. Rev. 51 (1964).

2. "The rule applies where demand is made after the witness has testified on direct examination and is for the purpose of cross-examination, and possibly impeachment purposes, whether the statement has been used by the witness before trial to refresh his memory or not." Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962).

handed to Spaulding by appellant's counsel and upon further interrogation it was determined that he had also read several pages of the reports made by other officers. At this point, appellant's counsel requested the remainder of the offense reports used by the witness to refresh his memory. The State took the witness on voir dire and established that he had not prepared any of the other reports requested. Thereafter, the court refused appellant's request.

The "Gaskin Rule" has been held to be limited to a previous report or statement made by the witness testifying for the State. Artell v. State, 372 S.W.2d 944 (Tex.Cr.App.1963).

Thus, the court's ruling was in accordance with *Artell*. This writer has had occasion to criticize the limitation imposed by *Artell* and would overrule *Artell*. See Leal v. State, 442 S.W.2d 736 (Tex.Cr.App.1969) (concurring opinion); Rose v. State, 427 S.W.2d 609 (Tex.Cr.App.1968) (concurring opinion). *Cf.* Dover v. State, 421 S.W.2d 110 (Tex.Cr.App.1967). See 16 Baylor L.Rev. 51, 60 (1964).

I concur, however, for two reasons. First, the appellant made no effort to incorporate in the appellate record the reports he claimed he was deprived of during the trial. See Leal v. State, supra, (concurring opinion). Second, the record reflects that during the interrogation of Officer McRae, the appellant was handed the entire offense report and made no effort thereafter to recall Officer Spaulding or to show that he was then unavailable.

Despite the above, appellant asserts that when he requested Officer Spaulding's offense report and the prosecutor dismantled the entire offense report in the presence of the jury in order to comply with the request that such action invoked the "use before the jury" rule. I cannot agree. For a discussion of the invocation of the "use before the jury" rule, see White v. State, supra.

For the reasons stated, I concur.