**Freddie Ray GILBREATH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46718.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

George T. Ellis, Houston, for appellant.

Carol Vance, Dist. Atty., Phyllis Bell & Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is from a conviction for felony theft, with the punishment enhanced under Article 62, Vernon's Ann.P.C., being assessed at ten (10) years.

The sufficiency of the evidence is not challenged.

The sole ground of error reads, "The appellant contends that the court erred in not allowing defense counsel to inspect and use the offense report used by the witness, Detective Gene Atteberry, in refreshing his memory before taking the stand to testify."

Appellant relies upon the "Gaskin Rule" (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467, 1962).

On cross-examination State's witness Atteberry acknowledged he had made an offense report and appellant's counsel asked for the same, but the court sua sponte instructed the witness to give only the report he himself made. Counsel then established

that the witness had refreshed his memory "from this portion you have kept in your hand" before he had come to court to testify. The court refused to order the witness to hand the remaining papers to defense counsel or to have the same produced at that time for purpose of appellant's bill of exception. No request was made to have the same sealed in an envelope for the purpose of being forwarded to this court in the event of an appeal. Subsequent to trial no effort was made to have the same made a part of the appellate record.

The "Gaskin Rule" has been discussed recently on a number of occasions. See White v. State, 478 S.W.2d 506 (Tex.Cr. App.1972); Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App.1972); Lewis v. State, 481 S.W.2d 804 (Tex.Cr.App.1972).

■ First, we observed that the "Gaskin Rule" has been held to be limited to a previous report or statement made by the witness himself who is testifying for the State. Artell v. State, 372 S.W.2d 944 (Tex.Cr.App.1963); Leal v. State, 442 S. W.2d 736 (Tex.Cr.App.1969).[1] Therefore, it would appear that the appellant was not entitled to the report or statement he sought and which he now urges should have been made available to him under the "Gaskin Rule."

■ Even if this was not so, there is another reason this contention must be overruled. He made no effort to properly incorporate in the appellate record the report he claimed he was deprived of during the trial. Lewis v. State, supra; Leal v. State, supra; Pruitt v. State, 172 Tex.Cr. R. 187, 355 S.W.2d 528 (1962); Stevenson v. State, 456 S.W.2d 60 (Tex.Cr.App.1970).

"It is true that appellant's counsel made a valiant effort to have the offense report attached to the record at the time of the court's refusal to allow inspection, but failed to take any action thereafter to have it incorporated in the appellate record.

"To have permitted the offense report to have been laid out in the record at the time it was requested, even for the purpose of the bill of exception alone, would have permitted the appellant to accomplish indirectly what he had been unable to do directly in view of the court's ruling." Leal v. State, supra (concurring opinion at p. 739 of 442 S.W.2d).

■ It is observed in passing that witness Atteberry had in hand in the presence of the jury the other report or statement. This, without more, would not invoke the "use before the jury" rule requiring production of the same and calling for reversal if the court fails to order the same produced for inspection. See White v. State, 478 S.W.2d 506 (Tex.Cr.App.1972). Cf. Lewis v. State, supra (concurring opinion at p. 806 of 481 S.W.2d) (where officer-witness dismantled offense reports in presence of jury). And we do not understand appellant to urge that "use before the jury" rule came into play in the instant case.

Appellant has filed a pro se brief in which he seeks to raise two additional grounds of error. The same have been reviewed and found to be without merit.

The judgment is affirmed.

Rose v. State, 427 S.W.2d 609 (Tex.Cr.App. 1968) (concurring opinion). Cf. Dover v. State, 421 S.W.2d 110 (Tex.Cr.App.1967). See 16 Baylor Law Review 51, 60 (1964).

1. The trial court's ruling was in accordance with the Artell decision. This writer has had occasion to criticize the limitation imposed by Artell and would personally overrule Artell. See Leal v. State, supra (concurring opinion) ;