Angel Olguin MENDOZA, Appellant,

v.

The STATE of Texas, Appellee,

No. 53312.

Court of Criminal Appeals of Texas.

June 8, 1977.

Jerry R. Prothro, Court appointed on appeal only, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jack K. (Rusty) Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of sale of heroin. Article 725b, § 2(a), Vernon's Ann.P.C., 1925. Punishment of ten (10) years was assessed by the jury.

Briefly, the facts reflect that on January 26, 1973 Officer Jim Mull, an undercover agent for the Department of Public Safety, was working in the Midland-Odessa area attempting to purchase illegal drugs. Mull testified that approximately 5:30 p. m. he spoke with one Gilbert, who directed him to a residence where he met Catarino Ybarra, also known as Trevino. As Mull was talking to Ybarra on the street, appellant drove up and inquired whether Mull wanted to buy some heroin. Mull answered that he did. Appellant then said that Mull would have to accompany him to his residence to get the heroin. Mull and Ybarra took Mull's car and followed appellant's car to the residence. While Mull waited in the car, appellant and Ybarra entered the residence and returned shortly. Appellant then handed Mull five papers containing a brown substance. Mull in turn gave him $25.00. Briefly thereafter, while the three were still together, Ybarra asked for and received $5.00 from Mull for leading him to appellant's residence.

Appellant took the stand in his own defense and denied any participation in the sale. He claimed that he had been working until around 5:30 p. m. on the day of the alleged offense; that his employer had dropped him off after work at a grocery store approximately one mile from his residence; that he then walked home, where he spent the remainder of the evening.

Appellant's first ground of error asserts that the trial court erred in refusing to dismiss the jury panel and grant a new trial following the district attorney's opening remarks during voir dire examination. In particular, appellant complains of the following statements:

" . . . We represent that nebulous concept called law enforcement, the right of the people in a community to be free from crime. Whenever a crime is committed in this community against one citizen, in effect that's a crime against all of us as members of this county . . . *And our staff, myself being one of the members, has the responsibility of seeing that the individuals who are guilty of criminal offenses are brought to trial, and hopefully brought to justice.*"

Immediately after these remarks were made, defense counsel moved that the en-

tire panel be quashed.[1] The motion was overruled; however, the court did admonish the district attorney to "be very careful what you say."

Appellant contends that the effect of the district attorney's remarks was to advise the jury that the appellant had to be guilty in order to be tried. We disagree.

The conduct of the voir dire examination, including the opening remarks of counsel must rest largely within the sound discretion of the trial court. *Abron v. State,* 523 S.W.2d 405 (Tex.Cr.App.1975); Article 35.-17, Vernon's Ann.C.C.P.; 35 Tex.Jur.2d, Jury, § 117. The question thus becomes whether the court abused its discretion in refusing to quash the entire venire.

■ Although these remarks, if isolated, may have been somewhat misleading, the record reveals that the district attorney went on to clarify the presumption of innocence and the State's burden of proof. In light of this clarification and the court's prompt admonishment, it is unlikely that potential jurors would have been led to believe that the district attorney had a basis for his opinion unknown to the venire, or that appellant was necessarily guilty because he was being tried.

Since the remarks were general in nature and made at a stage of the proceedings before the jury was impaneled and evidence was adduced, dismissal of the venire was not warranted. The complete context of the district attorney's opening remarks discloses no harmful error. *Wilkerson v. State,* 510 S.W.2d 589 (Tex.Cr.App.1974); *Chapman v. State,* 503 S.W.2d 237 (Tex.Cr.App.1974); and cf. *Fowler v. State,* 500 S.W.2d 643 (Tex.Cr.App.1973); *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr.App.1973). We conclude, therefore, that there was no abuse of discretion. Appellant's first ground of error is overruled.

Appellant complains in his second ground of error that the trial court erred in refusing to order the State to provide the appellant a copy of mail receipt records maintained by the Department of Public Safety laboratory in Austin.

At trial, D.P.S. chemist Harrison, a witness for the State, admitted on cross-examination that he had no independent recollection of receiving the heroin samples in the mail. Rather, the chemist testified that his only means of ascertaining whether he was present when the samples were received was by consulting records kept at the Austin laboratory specifying those persons present when the samples were submitted and placed in a vault. He did not bring these records with him when he testified, and apparently appellant made no attempt to subpoena them for use at trial.

Appellant claims that he was entitled to a copy of these receipt records under either of two alternative rationales: the "*Gaskin* Rule" or the "use before the jury" rule.

■ The "*Gaskin* Rule" provides that where a State's witness has made a report or has given a statement prior to testifying, the defendant, after a timely request, is entitled to inspect and use such prior available report or statement for cross-examination and impeachment purposes, even though the witness may not have used the instrument to refresh his memory. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962); *Lewis v. State,* 481 S.W.2d 804 (Tex.Cr.App.1972); *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972). If a defendant invokes the "*Gaskin* Rule," it is error for the trial judge to fail to require production of the statement. However, harmfulness of the error is determined by considering whether the accused was thereby denied effective cross-examination or possible impeachment of the witness. *Rose v. State,* 427 S.W.2d 609, 612 (Tex.Cr.App.1968) (Concurring Opinion).

■ This court's decisions subsequent to *Gaskin* have made the application of the rule dependent on certain conditions. For example, the statement must have been

---

1. It would have been better practice if the appellant had first moved to have the jury instructed to disregard the statements, then move to quash the jury panel if not satisfied with the instruction. Cf. *Vela v. State,* 516 S.W.2d 176 (Tex.Cr.App.1974).

made by the State's witness himself. *Gilbreath v. State*, 500 S.W.2d 527 (Tex.Cr.App.1973); *Artell v. State*, 372 S.W.2d 944 (Tex.Cr.App.1963). Additionally, the accused must make an effort to properly incorporate in the appellate record the statement or report he claimed he was deprived of. *Gilbreath v. State*, supra; *Lewis v. State*, supra; *Leal v. State*, 442 S.W.2d 736 (Tex.Cr.App.1969).

The record in the instant case fails to reveal that either of these conditions was satisfied. Although it is questionable whether mail receipts are "statements" within the meaning of *Gaskin*, the receipts here were prepared by those persons present when the samples were received and opened. Thus, it does not appear that the "statement" was necessarily made by chemist Harrison who testified at trial. The record further fails to show that appellant took adequate steps to include the receipts in the appellate record. For these reasons, the "*Gaskin* Rule" does not apply.

■ Alternatively, appellant asserts that the "use before the jury" rule entitles him to access to the mail receipts. Under this rule, a defendant is entitled to inspect, upon timely request, any document, instrument or statement which has been used by the State *before the jury in such a way that its contents become an issue. Sewell v. State*, 367 S.W.2d 349 (Tex.Cr.App.1963). The trial court's failure to permit or compel such inspection is reversible error, and a showing of harm resulting from the error is not required. *White v. State*, 478 S.W.2d 506 (Tex.Cr.App.1972).

■ Like the "*Gaskin* Rule," this rule is not applicable unless certain conditions are met. First, the rule comes into play only through the State's use of the document or statement at trial. *Haywood v. State*, 507 S.W.2d 756 (Tex.Cr.App.1974). Second, there must be use of the instrument or statement before the jury in such a way that its contents become an issue.

■ This court has held that the definition of "use before the jury" includes showing a document to a witness who is on the stand, permitting a witness to identify a document, or reading portions of a document aloud to a jury. *Board v. State*, 122 Tex.Cr.R. 487, 56 S.W.2d 464 (1933); *Bailey v. State*, 365 S.W.2d 170 (Tex.Cr.App.1963). But counsel for the State must in some way inform the witness that the document or statement is being referred to during the examination. *Rose v. State*, 427 S.W.2d 609 (Tex.Cr.App.1968).

■ On the other hand, we have held that there was no "use before the jury" where a State's witness previously made notations concerning an arrest but failed to bring these notes to trial or testify from them. In such a case, the State did not direct the witness' attention to the document, nor was any indication made to the jury that the document was being used as the basis for the examination. See *Jones v. State*, 493 S.W.2d 933 (Tex.Cr.App.1973), and cf. *White v. State*, supra.

Appellant has failed to show that there was any use of the mail receipts before the jury by the State. Chemist Harrison did not bring the receipts to trial or testify from them. The State never directed his attention to the receipts during the examination, nor is there anything to suggest that the State in any way indicated to the jury that the receipts were a basis for the examination. Accordingly, we hold that the "use before the jury" rule did not apply.

■ Here, the Midland narcotics agent examined the package in which he submitted the evidence to Austin. He stated that the foil packets were the same as those sent in a sealed envelope to the Austin laboratory. Chemist Harrison then testified that the envelope containing the packets was received in a sealed condition and that it remained sealed until he conducted his lab analysis. Under our holdings in *Kilburn v. State*, 490 S.W.2d 551 (Tex.Cr.App.1973), and *Norris v. State*, 507 S.W.2d 796 (Tex.Cr.App.1974), proof of the chain of custody was thus sufficient for admission of State's Exhibits 1 through 4. Any objections appellant may have had concerning the chain of custody went to the weight to

be given this evidence and not its admissibility. *Norris v. State,* supra; *Bueno v. State,* 501 S.W.2d 339 (Tex.Cr.App.1973).

 Grounds of error three and four concern the trial court's admission of evidence of the appellant's prior felony conviction at the punishment phase of the trial. In his third ground, appellant argues that the prior conviction was too remote and therefore inadmissible. Although appellant refers to the general 10-year time limit regarding remoteness of prior convictions for *impeachment* purposes, e.g., *McClendon v. State,* 509 S.W.2d 851 (Tex.Cr.App.1974); *Penix v. State,* 488 S.W.2d 86 (Tex.Cr.App. 1972), he fails to acknowledge this court's established holdings that the law places no remoteness limitations on past convictions offered to show the *prior criminal record* of an accused under Article 37.07, Vernon's Ann.C.C.P. *Nichols v. State,* 494 S.W.2d 830 (Tex.Cr.App.1973); *Lott v. State,* 480 S.W.2d 743 (Tex.Cr.App.1972); *Rose v. State,* 470 S.W.2d 198 (Tex.Cr.App.1971); *Ingram v. State,* 426 S.W.2d 877 (Tex.Cr. App.1968).

 As to the other aspect of this ground of error, which renders it multifarious and not in accordance with Article 40.09, § 9, Vernon's Ann.C.C.P., appellant claims the prior conviction should not have been admitted into evidence since the probation granted in the prior conviction was subsequently revoked in revocation proceedings where he was without the assistance of counsel in violation of *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). See also *Crawford v. State,* 435 S.W.2d 148 (Tex.Cr.App.1968) (Opinion on Appellant's Motion for Rehearing), and *Ex parte Shivers,* 501 S.W.2d 898 (Tex.Cr.App.1973), holding *Mempa v. Rhay,* supra, to be retroactive.

The burden of proof was on the appellant to show that he was denied the right to counsel, or that he was without counsel, was indigent and did not voluntarily waive his right to counsel. *Boss v. State,* 489 S.W.2d 580 (Tex.Cr.App.1972); *Clark v. State,* 496 S.W.2d 83 (Tex.Cr.App.1973). It is true that the order revoking probation and the sentence were silent as to whether appellant was represented by counsel. This alone is insufficient to support appellant's contention. *Ex parte Swinney,* 499 S.W.2d 101 (Tex.Cr.App.1973); *Mitchell v. State,* 494 S.W.2d 865 (Tex.Cr.App.1973). The appellant offered no other evidence. His contention is without merit in light of the record before us.

 Appellant's fourth ground of error asserts that the trial court should not have admitted the prior conviction evidence during the punishment phase of the trial because the State allegedly failed to identify the appellant as the person previously convicted. The State offered authenticated prison records of the appellant from the Texas Department of Corrections, including certified copies of the judgment and sentence, etc. The State also offered identification testimony of the former deputy district clerk of Midland County that she was present in the courtroom in 1957 when appellant was convicted. Appellant made no objection to this testimony and did not object to the introduction of the prior conviction (pen packet) on the ground now urged on appeal. Therefore, nothing is presented for review on appeal. *Vasquez v. State,* 491 S.W.2d 173 (Tex.Cr.App.1973); *Chaney v. State,* 494 S.W.2d 813 (Tex.Cr.App.1973); *Howard v. State,* 453 S.W.2d 150 (Tex.Cr. App.1970).

 Appellant's principal contention in his fifth ground of error is that the trial court committed fundamental error in allowing the State to ask the following question during cross-examination of appellant's character witness:

"Q. Sir, have you heard rumors that the Defendant at a later time had his probation revoked and went to the penitentiary?"

"A. No, sir."

Appellant claims the previous revocation proceedings were void since he allegedly was not represented by counsel at that time, in violation of the retroactive constitutional rule enunciated by the U. S. Supreme Court in *Mempa v. Rhay,* supra, and

by this court in such cases as *Crawford v. State*, supra, and *Ex parte Shivers*, supra.

This court has consistently held that in order to complain of denial of federally guaranteed constitutional rights, there must be an objection in the trial court. *Boulware v. State*, 542 S.W.2d 677 (Tex.Cr.App.1976); *Gibson v. State*, 516 S.W.2d 406 (Tex.Cr.App.1974); *Ex parte Bagley*, 509 S.W.2d 332 (Tex.Cr.App.1974). Appellant failed to interpose an objection when the State asked the question. Nor can appellant rely solely on his motion in limine to preserve error. *Poore v. State*, 524 S.W.2d 294 (Tex.Cr.App.1975); *Brazzell v. State*, 481 S.W.2d 130 (Tex.Cr.App.1972). Therefore, no error was preserved.

Further, as earlier noted, the burden was upon the appellant to show he was without counsel at the time of the revocation hearing and he failed to sustain this burden.

In absence of an objection to the "have you heard" question, nothing is presented for review.

Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant argues that it was error for the trial court to grant the State's motion in limine concerning the testimony of Caterino Ybarra, a co-indictee and potential defense witness. The State sought exclusion of Ybarra's testimony on the ground that he had asserted his Fifth Amendment privilege on two separate occasions prior to the hearing on the State's motion and was expected to do likewise in front of the jury if called as a defense witness. Appellant claims that the effect of granting the motion in limine was a denial of his right to compulsory process as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution; Article I, § 10 of the Texas Constitution, and Article 1.05, Vernon's Ann.C.C.P. Appellant further argues that he has been denied due process of law under the rationale of *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). We disagree on both counts.

In *Rodriquez v. State*, 513 S.W.2d 594 (Tex.Cr.App.1974), we reiterated the general rule that when a witness, other than the accused, declines to testify on the ground that his answers would tend to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, *either favorable to the prosecution or to the accused.* The rationale is that in refusing to answer a question the witness is exercising a personal constitutional right which should neither help nor harm any third person. *Glasper v. State*, 486 S.W.2d 350 (Tex.Cr.App.1972). In *Rodriguez*, we held it was not error for the trial court to refuse appellant's motion to have witnesses invoke the Fifth Amendment in the presence of the jury.

The record in the instant case shows that defense counsel was well aware before trial of Ybarra's intent not to testify. Therefore, appellant's argument that the court should not have granted the State's motion in limine is tantamount to an assertion that Ybarra should have been allowed to invoke the Fifth Amendment before the jury. Such conduct would have been improper, and the trial court did not err in sustaining the State's motion which sought to prevent this occurrence. *Victoria v. State*, 522 S.W.2d 919 (Tex.Cr.App.1975); *Rodriguez v. State*, supra; *Glasper v. State*, supra.

Appellant's reliance on *Washington v. State*, supra, is misplaced. That case held unconstitutional prior Article 82 of Vernon's Ann.Tex.P.C., 1925, which denied an accused the right to call as defense witnesses persons charged as principals. The decision in *Washington* rested on the ground of an arbitrary statutory exclusion of potential witnesses. The rule of such cases as *Rodriguez v. State*, supra; *Glasper v. State*, supra; and *Victoria v. State*, supra, rests on a different footing: that of insuring that a third party witness' invocation of the Fifth Amendment has a neutral effect on the accused and the State. While the expansive dicta in *Washington* concerning a defendant's right to compulsory process may have been appropriate in the context of the facts of that case, it is not controlling here.

Appellant's sixth ground of error is overruled.

Appellant's final ground of error complains that the trial court erred in charging the jury on the law of principals. The State offered evidence to show that Catarino Ybarra, also known as Trevino, and Mull had followed appellant in Mull's car to appellant's residence; that appellant and Ybarra had then entered the residence and returned to the car; that appellant handed the heroin to Mull; that Mull then handed $25.00 to appellant in exchange for the heroin; and that Ybarra then asked for and was given $5.00 by Mull for leading Mull to appellant's residence. Appellant claims there was insufficient evidence to support the trial court's charge on principals. We hold that the evidence was sufficient to support such a charge.

 While an agreement of parties to act together in a common design can seldom be proven by words, reliance can often be had on the actions of the parties showing an understanding and common design to do a certain act. *Bush v. State*, 506 S.W.2d 603 (Tex.Cr.App.1974); *Holloway v. State*, 525 S.W.2d 165 (Tex.Cr.App.1975). Further, in determining whether a party was participating as a principal, the courts may look to events before, during and after the commission of the offense. *Bush v. State*, supra; *Holloway v. State*, supra.

 While mere presence at the scene of the commission of the offense does not make one a principal, it is a circumstance tending to prove that person is a principal and, taken with other facts, may be sufficient to show that he was a participant. *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr.App.1974); *Locke v. State*, 484 S.W.2d 918 (Tex.Cr.App.1972); *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976).

It is well established that when A actually commits the offense, but B is present, knowing the unlawful intent, and aids or encourages by words or acts, then B is a principal. B is also a principal when he advises or agrees to the commission of the offense and is present when the same is committed, whether he aids in commission of the offense or not. *Bush v. State*, supra, and cf. *Suff v. State*, 531 S.W.2d 814 (Tex.Cr.App.1976).

 The State's evidence in the case at bar raised a genuine issue as to whether appellant and Ybarra had acted together to consummate the actual sale. Ybarra appears to have acted as a broker for the transaction, and his presence with Mull before and during the sale was thus a causal connection. Mull acquired the heroin from appellant with Ybarra standing nearby after having accompanied appellant into the house. Ybarra was then paid a commission. We conclude that these facts circumstantially show appellant and Ybarra were acting together, with Ybarra necessarily having a part in the accomplishment of the offense. There being evidence of such concerted activity, the court's charge concerning principals was proper. *Lawrence v. State*, 477 S.W.2d 275 (Tex.Cr.App.1972); *Stephens v. State*, 522 S.W.2d 924 (Tex.Cr.App.1975).

Appellant's ground of error is overruled. The judgment of the trial court is affirmed.