NO. 07-03-0022-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 10, 2003

_____

ROBERT SHARP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-02-5252; HONORABLE ANDY KUPPER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Robert Sharp was convicted by a jury of involuntary manslaughter and punishment was assessed at ten years imprisonment and a $5,000 fine. Presenting one issue, appellant contends the trial court erred in allowing the prosecution to bolster one of its expert witnesses during the State's opening statement

using a third party's repeated statements during voir dire about the credibility of the expert witness. Based upon the rationale expressed herein, we affirm.

In response to a question by the prosecutor during voir dire, a potential juror answered that because she was a registered nurse, she knew a medical doctor who would be called as an expert for the State. She also stated her children played basketball with the expert's children. However, in response to the trial court's question, she stated her acquaintance with the expert would not affect her decision. Also, the prosecutor continued to inquire about her prior jury experience and her knowledge of the State's medical expert. She reaffirmed the fact that she knew the expert would not affect her decision. In addition, during his opening statement, the prosecutor made a reference to the expert by suggesting, "I think that you heard some people recognize his name . . . ."

Appellant's sole contention is error by the trial court in allowing the prosecution to bolster one of its expert witnesses during the State's opening statement using a third party's repeated statements during voir dire about the credibility of the expert witness. In response, the State contends the alleged error was not preserved for appellate review. We agree with the State.

In order to preserve a complaint for review on appeal, the action or omission alleged as error by the trial court must have been the basis of a timely request, objection, or motion specifying the action the trial court was requested to take, or to forebear from taking, and an adverse ruling must have been obtained. *See* Tex. R. App. P. 33.1(a). This rule

ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time. *See* Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). Here, appellant did not make an objection nor move for mistrial in the trial court. Accordingly, the alleged error was not preserved for our review.

Moreover, "bolstering" is the introduction of evidence for the purpose of adding credence or weight to earlier unimpeached evidence offered by that same party. *See* Rousseau v. State, 855 S.W.2d 666, 681 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Even if the prosecutor's remarks were improper, a question we do not decide, appellant's contention that the opening remarks constituted "bolstering" is inappropriate. Finally, the conduct of the voir dire phase, including the opening remarks of counsel, rests largely within the sound discretion of the trial court. *See* Mendoza v. State, 552 S.W.2d 444, 447(Tex.Cr.App. 1977). Appellant does not allege the trial court abused its discretion. Appellant's issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.