Opinion issued February 7, 2008














Opinion issued February 7, 2008

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-07-00259-CR & 01-07-00260-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KELLY PATTERSON, Appellant

V.

THE STATE OF TEXAS,
Appellee

 



On Appeal from the 262nd District Court

Harris County,
Texas

Trial Court Cause Nos. 1071120 & 1071121

 








 



MEMORANDUM OPINION

 

          After
finding appellant Kelly Patterson guilty of the offenses of aggravated assault
of a public servant and burglary of a habitation, the jury assessed punishment
at twenty years’ confinement for the aggravated assault on a public servant
conviction and five years’ confinement for the burglary of a habitation
conviction.  See Tex. Pen. Code Ann.
§§ 22.02(b)(2)(B) and 30.02 (Vernon 2003 & Supp. 2007).  The trial court ordered that the two
sentences run concurrently.  In his sole
issue on appeal, Patterson contends that the trial court violated his
constitutional right to confront a witness against him when it denied his
request that the State produce the witness’s written statement prior to
cross-examining the witness.  Concluding
that Patterson failed to preserve this issue for review, we affirm.

Background

          Late one afternoon in May 2006,
Patterson and two other men gathered at an apartment complex.  A resident, Chris Hatfield, watched through
his broken window blinds as the three men approached the door of his neighbor,
who ran a small concession out of her apartment selling snacks to children
after school.  The men kicked down the
door and entered the neighbor’s apartment. 
When Hatfield saw this, he called 911, and the police responded within
minutes.  

The responding officer, Officer Boutte,
headed toward the apartment.  As Officer
Boutte began to go up the stairs to the apartment, one of the men stepped out
of the apartment.  Officer Boutte began
to instruct the man to get down on the ground when he realized that others were
still inside the apartment and that he needed assistance.  As Officer Boutte retreated, Patterson came
out of the apartment armed with an assault rifle and began shooting at
him.  Officer Boutte exchanged fire with
Patterson while he called for assistance. 
When Officer Boutte attempted to reload, Patterson and the other two men
ran from the scene.  At about the same
time, several additional officers arrived and apprehended Patterson as he tried
to flee.  

During trial, the State called Hatfield to testify about the events that he had observed
from his apartment that day.  Hatfield
revealed during cross-examination that he had written notes of his observations
and had given them to several officers during the investigation immediately
after the incident.  Following this revelation,
defense counsel sought additional details:

DEFENSE 

COUNSEL:           Did
you have an opportunity to refresh your                                                      recollection with
those notes?  Have you seen any?

 

A.                         I haven’t seen my report
since that night . . . .

 

Q.                         Well, what I’m asking did you
ever have to sign anything to say that was your report?

 

A.                       That
night I went to the station downtown and I signed ‑- I wrote my
report.  It was typed by an officer and
then I signed it and he notarized it that night. . . .

 

After this testimony, a
bench conference ensued:  

 

DEFENSE 

COUNSEL:           Your Honor, we request a copy if the
State has it.

* * *

THE COURT:      He
says he hasn’t seen it.  He hasn’t used
it to refresh his recollection.  

 

PROSECUTOR:  That’s right.

 

DEFENSE 

COUNSEL:           Well, I just want to see if it’s
basically what he’s saying.

 

THE COURT:      I
don’t blame [sic] I think that the standard is, unless he used it to refresh
his recollection, and if there is something that is inconsistent in Brady would require the State to give
you that statement.  I assume there’s
nothing inconsistent.

 

PROSECUTOR:  Right, nothing inconsistent.

 

DEFENSE 

COUNSEL:           Now, I don’t know it’s inconsistent
unless I see it, though.

 

THE COURT:      I’m
going to go by your word as an officer of the court, as I am, the Prosecutor – 

 

DEFENSE 

COUNSEL:           I’m not saying she is hiding it.  I’m just asking for it.

 

THE COURT:      I
think the law is, you don’t get it unless this witness used it to testify.  And he says, specifically, he hasn’t seen it
since he signed it that night.  He didn’t
use it to refresh his recollection before he testified.  So, if I’m wrong, I’m wrong; and you got
me.  But I have to go by what I
understand the law to be.

 

Patterson timely noticed
this appeal, but made no further effort to make a copy of Hatfield’s written
statement a part of the record.  

Discussion

Patterson contends on appeal that the
trial court violated his constitutional right to confront the witnesses against
him by denying his request for Hatfield’s written statement.[1]  The trial court denied
Patterson’s request that the State provide him with Hatfield’s prior written statement because Hatfield testified
that he did not use the statement
to refresh his memory.  See Tex.
R. Evid. 612.  The statement, however, should have been
made available to Patterson under Rule 615 of the Texas Rules of Evidence,
which codifies Gaskin v. State,
353 S.W.2d 467 (Tex. Crim. App. 1961).  According
to that rule, a defendant has the right to examine the recorded statement or
report of a prosecution witness for the purpose of cross-examination and
impeachment if the witness has testified on direct examination about the
subject matter of the statement or report. Tex.
R. Evid. 615.  

Patterson, however,
waived the claimed error by failing to properly incorporate Hatfield’s written statement
into the appellate record or show that he was denied the opportunity to make
the statement part of the record.  See Gilbreath v. State, 500 S.W.2d 527,
528 (Tex. Crim. App. 1973).  As appellant, Patterson bore the
responsibility to request that the report be made a part of the record on
appeal, either by bill of exception or by post-trial motion, so that he could
demonstrate any harm resulting from the trial
court’s action.  See Tex. R. App. P. 33.2,
44.2; Cantrell v. State, 731 S.W.2d
84, 94 (Tex. Crim. App. 1987); Gilbreath,
500 S.W.2d at 528; Johnson v. State,
919 S.W.2d 473, 479 (Tex. App.—Fort Worth 1996, pet. ref’d).   Patterson did not make such a request, and
therefore failed to preserve error.   

Conclusion

          Patterson waived his claim that the
refusal to provide Hatfield’s statement violated his constitutional rights
under the Confrontation Clause.  Accordingly,
we affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]  Patterson’s contention
rests on the Sixth and Fourteenth Amendments to the United States Constitution,
which provide that in all criminal prosecutions, state as well as federal, the
accused has a right “to be confronted with the witnesses against him.”  U.S. Const.
amend. VI; Lilly v. Virginia, 527 U.S. 116, 123, 119 S. Ct.
1887, 1893 (1999) (plurality opinion).